# THE STATE OF MARYLAND *vs.* THE SAFE DEPOSIT AND TRUST CO., Trustee.

*Taxation— Time of Payment of State Tax on Shares of Stock.*

Code, Art. 81, sec. 84, required corporations to pay the State tax imposed on their shares of stock on or before January 2, for the previous year.   The subsequent Act of 1890, ch. 244, provides that if such taxes be not paid before November 1st in each year a penalty should be added.   Code, Art. 81, sec. 132, requires the Tax Commissioner to assess the capital stock of corporations for taxation on or before May 15, and thirty days thereafter is allowed for an appeal. *Held,* that the taxes on shares of stock are due and payable on November 1st.

Appeal from an order of Circuit Court No. 2, of Baltimore City (Stockbridge, J.), dismissing the petition of appellant.   The appellee as trustee sold, on May 23, 1895, all the property and corporate rights of the Baxter Electric Motor Co.   After disposing of exceptions thereto the sale was finally ratified on December 17, 1895.   The appellant filed a petition in the case asking that the trustee be directed to pay the State taxes for the year 1895 assessed on the shares of stock of the company.   The Act of 1892, ch. 518, provides that whenever property is sold under judicial process, etc., all sums due and in arrears for taxes upon such property shall be first paid and satisfied.

The cause was argued before McSherry. C. J., Bryan, Briscoe, Roberts and Boyd, JJ.

*Robert Ludlow Preston* (with whom were *J. Alexander Preston* and *Alexander Preston* on the brief ), for the appellant.

*Vernon Cook* (with whom were *Gans & Haman* on the brief ), for the appellee.

Briscoe, J. , delivered the opinion of the Court.

This appeal is taken by the State of Maryland, at the instance of the Comptroller of the Treasury, and involves a construction of certain sections of Article 81 of the Code, and subsequent Acts of the General Assembly of the State.

The main question presented by the record, is when do State taxes assessed upon the capital stock of a corporation become due.    It will be seen by section 84 of Article 81 of the Code, that the president or other proper officers of banks, and other incorporated institutions and companies chartered by this State or located and doing business therein, shall annually, on the second day of January, pay to the Treasurer of the State the State tax imposed upon the shares of capital stock of said bank or companies for the previous year.    As the law then stood, the State tax on the capital stock of a corporation was payable by the express terms of the statute to the Treasurer of the State on or before the second day of January, after their levy.    But by the Act of 1890, chapter 244, it is provided, that if any corporation of this State from which State taxes shall be due and payable on the assessed value of its shares of capital stock shall fail or neglect to pay the same to the Treasurer of the State before the first day of November of the year for which such taxes have been assessed and levied ; such corporation shall for such failure and neglect forfeit and pay to· the State an additional amount of five per centum as penalty or damages, to be added to the State taxes so due and unpaid.    And it further makes it the duty of the Comptrollers to add this penalty to the State tax, and to institute suit forthwith for the recovery of both the tax and the penalty, upon the failure of the company to comply with the terms of the statute.    It is obvious, then, looking to the object and purpose of the Act of 1890, chapter 244, that State taxes owing by corporations become due and are in arrear on the first day of November of the year for which they have been assessed and levied, and unless paid before that date are subject to the penalty prescribed by the Act. The Legislature would scarcely have imposed this penalty,

unless these taxes were to become due and payable on the first day of November of the year of their levy. If so, they would be imposing a penalty for the non-payment of taxes, which by the express terms of the 84th section of Article 81 of the Code, would not be due until the second day of January of the year succeeding their levy.

It is, however, contended upon the part of the State, that these taxes are due as early as the 15th of May, because under section 132 of Art. 81 of the Code, the State Tax Commissioner is required on or before that date to assess the capital stock of all corporations for the purpose of taxation, and shall report the assessment to the Comptroller. Now while it is true, that the assessment is to be made on or before the date referred to in section 132, yet it is further provided by the 144th section of the same Act, that as soon as the assessment shall have been made, it shall be returned by the State Tax Commissioner to the Comptroller of the Treasury, who shall notify the president or other proper officer of the corporation of the valuation of the stock, and if there be no appeal within thirty days after such notification, the valuation and assessment shall be final. There is nothing in this Act which sustains the contention made by the State. It is fair to presume, that if it had been the intention of the Legislature that these taxes should be due and payable as early as the 15th of May or the 15th of June, when the assessment becomes final, this intention would have been so declared and not left to implication or conjecture.

We are, therefore, of opinion that as the sale of the property of the Baxter Electric Motor Company took place on the 23rd of May, 1895, there were no taxes for that year due and payable, at the time of this sale, properly chargeable against the trustee, the appellee, in this case. The statute provides only for the payment of such taxes as may be due and in arrears at the time of the sale of the property. Act of 1892, chapter 518; Act of 1896, chapter 407. *Wheeler* v. *Addison*, 54 Md. 46; *Casualty Ins. Co.'s case*, 82

Md. 564. For these reasons the decree below will be affirmed with costs.

*Decree affirmed with costs.*