STATE TAX COMMISSION ET AL. *v.* EUREKA LIFE
INSURANCE COMPANY.

*Taxation of Corporate Stock—Amending Act—Not Retro-
spectively Applied.*

Acts of 1924, ch. 225, which amended Code 1912, art. 81,
sec. 162, by providing that, in assessing the shares of stock in
a fire or life insurance company, the State Tax Commission
"shall deduct" the amount of mortgages owned by the com-
pany from the aggregate value of all shares of its capital
stock, did not authorize such deduction to be made for the
purpose of taxation in 1924, although the assessment was not
actually made until after June 1st, 1924, when such amending
act went into effect, the act being prospective in its terms, and
it being an amendment of a system of revenue laws which pro-

vided (Code 1924, art. 81, secs. 157, 159) that the assessment of stock for any particular year should be made by the fifteenth of May, as of the first day of January in that year.   pp. 382-384

A retrospective application of an act in reference to taxation can be justified only by an unmistakable indication in its terms of a purpose that it shall be so applied.          p. 384

*Decided April 7th, 1926.*

Appeal from the Baltimore City Court (ULMAN, J.).

Petition by the Eureka Life Insurance Company of Baltimore against J. Enos Ray and others, constituting the State Tax Commission, by way of appeal from a ruling of said commission, to which the Mayor and City Council of Baltimore was subsequently made a party.  From an order reversing said ruling, the State Tax Commission and the Mayor and City Council of Baltimore appeal.   Reversed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*Herbert Levy, Assistant Attorney General,* and *Paul F. Due, Assistant City Solicitor,* with whom were *Thomas H. Robinson, Attorney General,* and *Philip B. Perlman, City Solicitor,* on the brief, for the appellants.

*Allan H. Fisher,* with whom were *Julius H. Wyman* and *Jacob S. New* on the brief, for the appellee.

URNER, J., delivered the opinion of the Court.

The appellee, a domestic life insurance company, claimed that in the valuation of its capital stock for the purposes of taxation in 1924, it was entitled to a deduction of the amount of its investments in mortgages of Maryland real estate, under a provision of section 162 of article 81 of the Code of 1912 (section 166A, Code of 1924), as amended by chapter 225 of the Acts of 1924, which became effective on the first

day of June in that year. This claim of exemption was disallowed by the State Tax Commission, but its decision was reversed on appeal by the company to the Baltimore City Court. The propriety of the latter ruling is questioned on an appeal to this Court by the State Tax Commission and the Mayor and City Council of Baltimore.

Under the provisions of section 157 of article 81 of the Code, it is the duty of the appellee, by the fifteenth day of March in each year, to report to the State Tax Commission a true statement of the number of shares of its capital stock, and the par value of each share, with such information in regard to its value as may be required by the Commission, as of the first day of January of each year, and the Commission is directed, annually by the fifteenth day of May in each year, to assess such shares of stock as of the first day of January next preceding, and to levy thereon the state taxes prescribed by law. The periods thus specified for the report of the corporation and the assessment by the Commission had expired in 1924, when chapter 225 of the Acts of Assembly of that year, amending section 162 of article 81 of the Code, became operative. But while the appellee filed its report with the Commission before the fifteenth day of March, 1924, as required by section 157, the Commission did not, as therein directed, assess the appellee's stock by the fifteenth day of May, 1924, but deferred the assessment until the following August, when it made a valuation subject to the right of the appellee to apply within ten days to have it modified. A request by the appellee to the Commission for a conference on the subject was made within that time and was granted. The conference was not held until December 5th, 1924, and the appellee then requested that its mortgages on real estate in Maryland be deducted from the basis of the assessment of its shares of stock. The final decision against the allowance of the exemption was rendered by the Commission on December 30th, 1924.

Because the assessment, though directed by law to be made at a time anterior to the date when the Act of 1924

became effective, was not actually made until a later period of the year, it is contended that the appellee should have the benefit, in the 1924 assessment, of the exemption for which the act provided. The question to be determined, however, depends upon a proper interpretation of the terms and intent of the act, in the light of the other provisions with which it is combined in the revenue article of the Code, and our construction of the statute should not be influenced by the fortuitous fact that an assessment designed by the Code to be made by the fifteenth day of May annually was not made in 1924 until August or December. In the enactment of the exemption statute, as an amendment of section 162 of article 81 of the Code, the Legislature must be presumed to have had in mind the requirements of section 157, then and now in force, as to the times when the reports of corporations should be filed with the State Tax Commission and when the assessments of their stock for taxation should be determined. It is not an admissible hypothesis that the act may have contemplated an occasional failure to comply with those important provisions. Whether regarded as mandatory or as only directory, they express a legislative purpose which must be considered in the construction of the closely related provision upon which the appellee relies.

There is no indication in the Act of 1924 that it was intended to have a retroactive effect. The terms of the exemption provision are clearly prospective in their import. In expressing the intention of the Legislature as of June 1st, 1924, when it was first operative, the act declares that the State Tax Commission "shall deduct * * * the amount of mortgages owned by such company * * * from the aggregate value of all shares of its capital stock * * *." This language refers to future and not to past valuations, and its effective operation was limited to begin at a time when the period prescribed by law for the 1924 assessment had expired. A retrospective application of the act could be justified only by an unmistakable indication in its terms of a purpose that it should be so applied. *Appeal Tax Court v. Western Mary-*

*land Railroad Co.,* 50 Md. 274.    The statute under consideration wholly fails to disclose such an intent, and it could not be held to have a retroactive effect consistently with other statutory provisions, relating to the same subject, which were in force at the time of its enactment.

It is provided by section 157 of article 81 of the Code, as already noted, that the assessments of corporate stock for taxation shall be made as of the preceding first day of January. Section 159 requires corporations, subject to assessment by the State Tax Commission, to file an annual report with the Commission not later than the fifteenth day of March "as of the first day of January preceding," and provides that the Commission, "in determining any tax, or in entering any assessment against any corporation, shall base its action upon the status of such corporation as of said January first."    It was said by this Court in *Union Trust Co. v. State,* 116 Md. 377, that "for the purpose of the taxation of the capital stock of a corporation, January first is to be taken as the date with regard to which all elements are to be reported, considered and established, conclusive alike upon the State and the corporation."

Since the Act of 1924 was prospective in its terms, and was enacted as an amendment of a system of revenue laws which provided that the assessment of corporate stock for 1924 should be made by a designated time antedating that act and should be based upon a status existing at a still earlier period, we find it necessary to conclude that the exemption claimed by the appellee for the year 1924 should be disallowed.

It would be unprofitable to review in this opinion the numerous cases cited in the argument.    The decisions in those cases were governed by statutory provisions and other conditions materially different from those by which the determination of the present case is controlled.

*Order reversed, with costs.*