## CITY OF FREDERICK v. MOUNTS.

No. 21208. Opinion Filed Sept. 13, 1932.

86

Wilson & Roe, for plaintiff in error.

Mounts & Chamberlin, for defendant in error.

ANDREWS, J. This is an appeal by the city of Frederick from an order of the district court of Tillman county vacating a portion of the plat of what is known as Mounts addition to the city of Frederick, together with all of the streets and alleys across and adjacent thereto, except Providence avenue, a street adjacent thereto on the north.

The record shows that three of the streets of the city run through the portion thereof the plat to which is sought to be vacated, and that one of the streets of the city is adjacent on the west to the portion thereof the plat to which is sought to be vacated. When the land was platted these streets were dedicated to the public, and, at the time of the trial and for a long time before the institution of the proceeding in question, had been used by the public as public highways. One of them constituted a mail route leading through the southern portion of the city.

The petitioner based his case upon the theory expressed in his brief as follows:

"Practically any and all traffic coming through the streets in this plat would go to the main highway on Fifteenth street, and it would be just as short a distance, and would be cheaper for the city to maintain, to open up and travel Providence avenue, Price avenue or Diamond avenue, being avenues running east and west immediately north of this plat, over to Fifteenth street. This would save the city's keeping up two or three streets through this plat and all that would have to be done would be to build one bridge"

—and:

"Any traffic which would come down Twelfth, Thirteenth and Fourteenth streets would necessarily have to turn east or west at the end of the plat which is the city limit, and practically all of said traffic, which is very little, goes over to Fifteenth street to the main graveled highway out of the city. It will be just as quick, and cheaper for the city to maintain, for this traffic to go across to Fifteenth street from any of the three or four avenues north of

this property, and the same could be opened up for an expense of $150 or $200."

We do not think that any extended discussion is necessary. It may be that it would be beneficial to the city for its governing body to open streets running east and west, to construct bridges thereon, and to make other provisions for changing the routes of travel of the traffic. This court has no jurisdiction of such questions in this kind of a proceeding. Our attention is called to no law authorizing the closing of streets which have been dedicated to the public and which for many years have been used and are being used as public highways, and we know of none.

Neither the district court nor this court is authorized in this sort of proceeding to direct city officials to build, construct, or improve city streets. The record conclusively shows that, under the existing condition of the streets of the city, traffic across this portion of the city would be cut off by the closing of the streets in question. Under that state of facts it is evident that the district court was in error in directing the closing of the streets across this portion of the plat.

The case of City of Tulsa v. Aaronson, 103 Okla. 158, 229 P. 596, is in no wise in point, for there this court found that the spaces platted for streets had never been used by the public. In the case at bar the uncontradicted evidence is that the streets, during all of the time while this proceeding was pending in court, were being used by the public as streets.

We are not determining herein what rule should be applied to an application to vacate a portion of the plat without the closing of the streets. There is no such application before this court.

The judgment of the trial court is reversed and the cause is remanded to that court, with directions to dismiss the proceeding.

CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., absent.

Note.—See under (1) annotation in 26 L. R. A. 821; 68 A. L. R. 794; 13 R. C. L. 67, 68; R. C. L. Perm. Supp. p. 3310; 19 R. C. L. 785; R. C. L. Perm. Supp. p. 4711.