OKLAHOMA TAX COMMISSION v. ALCOTT et al.

No. 31610. Nov. 28, 1944.

Rehearing Denied Jan. 9, 1945.

Application for Leave to File Second Petition for Rehearing Denied Jan. 30, 1945.

*154 P. 2d 973.*

E. L. Mitchell and W. F. Speakman, both of Oklahoma City, for plaintiff in error.

Gilliland, Ogden, Withington & Shirk, of Oklahoma City, for defendants in error.

WELCH, J. Alcott and others paid the taxes herein discussed under protest, and sued for recovery thereof. They were separate owners of "coin-operated music boxes or machines" placed upon premises of others under agreements to divide proceeds.

Their contention is that House Bill 59 of the 19th Legislature, Title 68 O.S. Supp. 1943, §§1541 to 1544, inclusive, is unconstitutional in two respects, to wit:

"First, That said bill is ambiguous, indefinite and uncertain in respect to its definition of an 'operator,' upon whom the bill attempts to impose the duty and obligation of making monthly reports and paying the tax; Second, That the bill is confiscatory and discriminatory in violation of several provisions of the Constitution of the United States and of the State of Oklahoma."

The act is in four sections, only sections 1541, 1542, and 1543 are important here. We quote the same as follows:

"The term 'music box or machine' shall mean and include any and all mechanical devices operated by means of insertion of a coin, token or similar object which causes such device to play or reproduce music. The term 'operator' as used herein shall mean and include every person who maintains for use or permits the use on any place or premises occupied by him of any music box or machine, or who places any music box or machine owned or possessed by him upon any place or premises owned, occupied or maintained by another under any agreement by which the owner or possessor of such machine may, either directly or indirectly, receive any portion of the proceeds derived from the operation of such machine. Laws 1943, p. 194, §1."

"Every operator of a coin-operated music box or machine as herein defined, shall, on or before the tenth day of each month following the month during which any such machine is operated, file with the Oklahoma Tax Commission a report in such form as may be required by said Commission, showing the location of the machine, or machines, operated by him during the preceding month, the serial number of each such machine, the total amount of all deposits in such machine, or machines, and at the same time remit to the Oklahoma Tax Commission a tax of ten per cent (10%) of the gross amount deposited therein for the purpose of operating such machines during the preceding month. Providing, however, that nothing contained in this Act shall be construed as invalidating or conflicting with or repealing sections 964, 965, 966, 967, 968, 969, 970, 971, 972, 973, 974, 975, 976 and 977, Title 21, Oklahoma Statutes, 1941. Laws 1943, p. 194, sec. 2."

"Every person who fails and refuses to make the report required and pay the tax when due shall be guilty of a misdemeanor and, upon conviction, shall be punished by a fine of One Hundred Dollars ($100.00), or by imprisonment in the county jail for thirty (30) days, or both such fine and imprisonment. Laws 1943, p. 195, §3."

The taxpayers urge here, and did in the trial court, that the act is ambiguous in that it does not clearly disclose who is to make the return and pay the tax. They construe the language of the act to require them as owners to make return and pay the tax on each such music box and to require in each instance here involved that the person operating the premises shall also make report and pay the tax, thus duplicating both the report and tax payment in the case of music boxes owned and operated as here shown.

We think this is too narrow a reading of the pertinent section of the act. When the whole act is considered it is found without difficulty that but one report and one payment of the 10 per cent tax is required as to each such music box. This is not changed by the fact that in some instances more than one person may be under obligation to see that the proper report is made and the proper tax paid. In any such case, of course, when the proper report is made and the tax once paid,

then the obligation of all is discharged as to that period and that tax.

It is not discernible that taxpayers here could have had much difficulty in determining who could and should report and pay. And in the future, whether music boxes are owned and operated as here shown, or otherwise, it does not appear that much difficulty need be encountered in deciding who should report and pay this tax.

It is not for us to determine whether the Legislature might have used different or better expressions to state its intent. We are only to consider whether the act is so ambiguous as to be a nullity, or so uncertain as to be incapable of fair application and enforcement. As to that, we have no doubt that any taxpayer subject to the act may therein read his duties as to this tax and discharge them as required; and that the act is likewise sufficient to guide the commission in enforcing compliance w h e r e v e r it is wrongfully refused by anyone subject to the act.

These taxpayers argue that in case of a music box owned and operated as here shown, there may be dissension between the owner of the machine and the operator of the premises, as to which should report and pay the tax to the state. If it be so, such discord is to be adjusted by them, and we have no doubt will be. Any such dispute could not militate against the state's rights to tax, nor should it necessarily indicate any fatal uncertainty in the act.

We agree with the taxpayers to the effect that there may be more than one operator with respect to one machine. We think the act is so drawn as to clearly reflect the legislative intent to make "operators" of persons owning such machines placed for use upon the premises of others, as well as the occupier of the premises.

We are not so persuaded, however, that the act is unconstitutional because it fails to single out one person who in each instance has the sole duty to make the return and pay the tax. It is our conclusion that under the terms of the act only one person may be the operator in a given state of facts, while under other facts the number of operators may be several, and that all of such operators will be jointly and severally liable for the filing of a proper return and the payment of the tax, until the amount due has been fully paid.

The taxpayers would seem to urge that the Legislature has no power to place the burden of making reports and paying the tax on more than one person; that it must single out some specified individual upon whom to place such burdens, otherwise no one could know his duty to the law. This would argue that no tax could be levied in a case where A and B owned a machine jointly or as partners and maintained it for use upon premises owned and controlled by them jointly or as partners unless the Legislature specifically designated either A or B as the taxpayer. We know of no logical method which the lawmaking body might employ to specifically inform one of the joint owners, operators, or partners of his sole and separate duty. We think that had the Legislature simply designated the legal owner or owners of the machine as the person or persons to make the report and pay the tax, it would not be ambiguous; yet, under some of the reasoning here, it would be ambiguous and therefore unconstitutional, because it failed to specifically point out some one person among several owners as the taxpayer.

For purpose of illustration taxpayers point to the following language in a federal tax statute:

"An operator of a place or premises who maintains for use or permits the use of any coin-operated device shall be considered, for the purpose of subchapter B, to be engaged in a trade or business in respect of each such device."

And in argument they say:

"This section clearly shows that un-

der the Federal Act there is only one operator and· he is the person who is in possession of the place or premises where the machine is located, and if he either maintains the machine for himself or permits some one else to put a machine there he is still the one to pay the tax, so the federal tax bill is as clear as a tax statute should be . . ."

We agree that such illustrative statute is clear, but do not agree that its application is confined to but one individual in each case. Nor do we agree that the illustrative statute casts any doubt on the clarity or meaning of the act here considered. Our Legislature had no intention to impose this tax exclusively upon the person operating the premises or place of business.

Taxpayers rely most strongly upon Sheppard v. Giebel et al., by the Court of Civil Appeals of Texas, 110 S.W. 2d 166. Therein the court concluded that a certain act of the Texas Legislature was unconstitutional for several reasons. It is there stated that the act is "uncertain as to who is subject to it." In that regard the court stated that it is not even clear but that a dealer who merely had the machines on display for sale might be subject to the tax. That court held the act indefinite and uncertain and in violation of the Texas Constitution.

Thus appears a distinction in the provisions of the present act and the Texas act. Nor are we informed of the provisions of the Texas Constitution in that respect. We do not consider that case as supporting taxpayers' contention here.

The Tax Commission contends the act is not ambiguous or uncertain; that no duplication of return or double payment is required by the act, or contemplated by the commision, or seriously anticipated by any owner or operator of any such "coin-operated music box or machine." And a studious reading of the whole act is convincing that it is so. Certainly there has been no attempt at any such unconstitutional application of the act.

If this act could be given some double construction, it would be our duty to hold as stated in paragraphs 1 and 5 of the syllabus in Rakowski v. Wagoner, 24 Okla. 282, 103 P. 632:

"If a statute is susceptible of two interpretations, that should be adopted which gives the statute the effect evidently intended by the Legislature, especially if the other construction would render the same invalid.

"A statute will not be declared invalid as being repugnant to the provisions of the Constitution, unless such repugnancy is clear and appears·beyond a reasonable doubt."

See, also, State ex rel. Read v. Midwest Burial Ass'n, 176 Okla. 468, 56 P. 2d 124.

The taxpayers asserting the unconstitutionality of the act have the burden of pointing out wherein the act violates the Constitution. They have failed in that respect.

The second proposition urged in support of the assertion that the act is unconstitutional is more fully shown in taxpayers' words as follows:

"When the Legislature imposes a tax so burdensome as to effectually destroy the right to follow a legitimate business or prohibit the use of the property subject to the tax, it constitutes such an abuse of the taxing power as to render the law so passed unconstitutional."

They cite 26 R. C. L. ch. 17, page 33, and the same text, page 238, and decisions including City of Tulsa v. Metropolitan Jewelry Co., 74 Okla. 107, 176 P. 956. We gather therefrom certain general rules to the effect that when the legislative body has the power to tax, ordinarily the reasonableness of the tax levy is a question for the taxing power, but in some cases the courts will interfere if so great an abuse is shown as to destroy natural and fundamental rights which no free government could consistently violate.

Herein the several taxpayers introduced evidence, consisting chiefly of

statements of income and expense of several operators, which g e n e r a l l y show that this tax will greatly reduce and in some cases absorb the profits if the present method of operation at present prices is continued.. However, we do not consider such evidence conclusive of the fact that their income might not be increased by an advance in prices charged or by curtailment of operating expense, or both. We do not think this case presents such an extremity or such approach to an abuse of the taxing power as to warrant further search into the question of the possible power of the courts to interfere with the taxing power inherent in the legislative branch of government as concerns this kind of tax.

In A. Magnano Co. v. Hamilton, Atty., 54 S. Ct. 599, 292 U. S. 40, the Supreme Court of the United States held as stated in the headnotes:

"Tax within lawful power of state may not be judicially stricken down under due process clause simply because its enforcement may, or will, result in restricting or destroying particular occupations or businesses, unless form of taxation was plainly adopted as mere disguise under which another power denied by Federal Constitution was exercised. (Const. Amend. 14)

"State statute levying excise tax of 15 cents per pound on butter substitutes sold within state by distributors held not to violate due process clause, though tax was allegedly so excessive as to result in destroying intrastate business of oleomargarine distributor. (Laws Wash. 1931, · p. 77; Const. Amend. 14.)"

And in Fox, Tax Commissioner of West Virginia, v. Standard Oil Company of New Jersey, 55 S. Ct. 333, 294 U. S. 87, that court said:

"When the power to tax exists, extent of the burden is matter for the discretion of the Legislature, and, even if tax should destroy a business, such fact alone would not invalidate the tax."

We do not find it necessary to adopt or reject in full the rules announced in the decisions given us by the parties, further than to say that an abuse of the taxing power must be c l e a r l y shown before the courts should undertake to interfere. We conclude that this record does not meet such requirement.

The judgment is reversed.

CORN, C. J., GIBSON, V. C. J., and RILEY and BAYLESS, JJ., concur. DAVISON, J., concurs in result. OSBORN, HURST, and ARNOLD, JJ., concur in result, but dissent to reasoning.

OSBORN, J. (concurring in part and dissenting in part). I concur in the result determining that the act under consideration is not unconstitutional for ambiguity. But I cannot concur in the view that herein there is disclosed a status of "joint operators." The statute specifically defines as an "operator" two classes of persons: (1) Every person who maintains for use or permits the use on premises occupied by him of such machine. This covers the person who owns his own machine, or who leases it, or borrows it. Regardless of ownership, he is defined as the "operator" thereof and must make a report and pay the tax. But in the same section of the statute, by disjunctive rather than by conjunctive c l a u s e, there is defined the second class of persons who are defined as operators, viz.: "Or who places any music box or machine owned . . . . by him, upon any place or premises owned, occupied or maintained by another under any agreement by which the owner . . . may . . . receive any portion of the proceeds derived from the operation of such machine." Such is the status of plaintiff herein. Therefore, as such "operator" as defined by the statute, they were under the duty of reporting and paying the tax, and were amenable to the enforcement provisions of the Tax Code, and by the specific terms of the act under consideration they were subject to the penal provisions of section 3 of the act.

Nowhere in the act is there a levy of the tax against the person simply sheltering the machine where the machine is so placed as last above defined. The Tax Commission does not even contend that there is a joint liability or responsibility, but, on the other hand, they assert to the contrary.

It would seem that, if the tax enforcing officials, who give special attention to such matters, cannot find such a meaning in the act as the majority of this court finds therein, but on the other hand disavow such meaning, great strength would be lent to the contention of plaintiffs that the act is so ambiguous as to be unconstitutional. But the Tax Commission earnestly contends in harmony with the view expressed herein, and I am of the opinion such contention is sound. Under such view the act is constitutional. I believe it is unwise for this court to seek out and proclaim a secret and hidden meaning contrary to the contentions of any party to this proceeding.

HURST and ARNOLD, JJ., concur herein.