RUMINER, Gdn., v. QUANILTY et al.

No. 32644. April 1, 1947.

*179 P. 2d 164.*

Charles E. Grounds, of Seminole, for plaintiff in error.

Bishop & Bishop, of Seminole, for defendants in error.

GIBSON, J. This action, as cause No. 6337 in the superior court of Seminole county, was instituted April 8, 1945, by plaintiff in error, Viola M. Ruminer, as guardian, etc., as plaintiff, against John Quanilty and C. L. Rockwell, defendants in error, as defendants, to enjoin the defendants from maintaining obstructions in a driveway in what is known as Schaubel and Dennis subdivision located in Seminole county.

On motion of said defendants, G. F. Killingsworth, Howard Simms, Roy Bicknell, and Mary Quanilty, owners of lots in said addition, were made additional parties defendant. Said defendants jointly filed in said cause their answer and cross-petition wherein they denied plaintiff's right to an injunction and sought judgment vacating such driveway.

Thereafter defendants were permitted to withdraw their cross-petition and they filed in said court an independent action, same being No. 6519, wherein is sought a decree vacating said driveway and the guardian filed her protest there-

to. The causes were consolidated for final hearing. The court rendered separate judgments — one denying the injunction and the other vacating the driveway. The filing of separate judgments as if the causes had not been consolidated was irregular, but we shall treat them as one judgment in the consolidated case.

The controlling facts are not in dispute.

The subdivision, located in the northeast quarter of the northeast quarter of section 21, township 9 north, range 6 east, is in form a parallelogram of which the width from east to west is 208.7 feet and its length from north to south is 417.4 feet. The east side thereof corresponds to the east section line on which is Highway 99. The north side thereof is 113 feet south of and parallel to the north line of said section on which is Highway 9.

The lots platted within the area face east and west. The east line of the lots is 33.3 feet from the section line and so they abut upon Highway 99. The west line of the lots is 20 feet within the west line of the subdivision. The intermediate 20-foot strip extending along the entire west side of the subdivision is designated on the dedication plat as "Driveway."

The north lot in the survey extends from the roadway to the driveway and is in length 155.4 feet. The remainder of the lots form two tiers: those facing the roadway being 100 feet in length and those facing the driveway being 55.4 feet.

The dedication contains the following concerning the lots and driveway:

"That we have caused the same to be surveyed and subdivided into lots and a driveway as shown in the plat on the margin of which this is written. The lots are intended for sale and the driveway is dedicated to the use of the public forever."

It is stipulated that the plat of the

subdivision was duly and legally filed and that lots therein were sold on strength of the recorded plat.

The driveway does not connect with any established public way and has never been maintained or used by the public as such.

The defendants severally own all of the lots in the subdivision and in each instance the lots facing the driveway are under the same ownership as that of the abutting lots which face the highway and while so owned are not dependent upon the driveway for an outlet. For possibly 18 years each owner of the lots abutting thereon has used as his own the driveway space opposite thereto, the character of the use being mainly for vegetable gardens and growth of fruit.

Such was the situation on April 27, 1944, when plaintiff through purchase acquired title to a tract of land lying west of and abutting on the driveway. The land lies 85 feet south of the north end of the driveway, has a frontage of 115 feet thereon, and extends westward 375 feet.

Before purchasing her property plaintiff was informed by the seller that the driveway was a public way and would afford her an outlet. She examined the dedication plat, noted the driveway thereon, and believing therefrom and from assurances otherwise received that a right to an outlet from the land was afforded, she purchased the land and made valuable improvements thereon.

We think it evident that the trial court's holding was based more on his conclusion that there was an absence of a clear right in the plaintiff to an outlet from the driveway to the highway — which would make the use of the driveway of no substantial value to her — than upon any right in defendants to the use thereof. We do not decide whether it would be proper to award such judgment where it could be adjudicated in the cause than an outlet from the driveway was not within the realm of possibility. But we do hold

that where the right to seek such outlet, whether by condemnation or private purchase, is not foreclosed, her right as abutting owner to the use of the driveway remains unimpaired and in law cannot properly be made to yield to unlawful encroachments thereon.

The error of the court's holding is reflected in its effect, which is to deny the use of an existing right until the user has acquired an additional right that is advantageous thereto.

The fact that the driveway did not connect with any public way was no obstacle to an effective dedication of the same as such. Siegenthaler v. Newton, 174 Okla. 216, 50 P. 2d 192. And where following the dedication lots were sold, the dedication of the street became perfect without need of any affirmative official or other action on the part of the public. Siegenthaler v. Newton, supra. No nonuser of the driveway can be held to have legalized the maintenance of obstructions thereon nor will the lapse of time legalize the existence of obstructions thereon nor estop one specially injured thereby from bringing an action for the abatement thereof. That the plaintiff as owner of the land abutting thereon was specially injured is clear (Siegenthaler v. Newton, supra; Revard v. Hunt, 29 Okla. 835, 119 P. 589; Thomas v. Farrier, 179 Okla. 263, 65 P. 2d 526; and 50 O. S. 1941 § 10). No equities can arise in favor of an individual who takes private possession of a public way, and his occupancy is subject to the paramount right of the public whenever asserted. Gardarl v. City of Humboldt 87 Kan. 41, 123 P. 764. It is such public right that the plaintiff is entitled to invoke by reason of such special injury.

The judgment is reversed and the cause remanded, with directions to award injunction as prayed for, and to dismiss the proceeding to vacate the driveway, unless, in the opinion of the trial court, the applicants, under the law and consistent with the rights of plaintiff and the public as herein defined, upon proper showing, may be en-

titled to a partial vacation of said driveway.

HURST, C.J., and RILEY, OSBORN, BAYLESS, WELCH, CORN, and ARNOLD, JJ., concur.