OKLAHOMA TAX COMMISSION et al. v. DICKSON.

No. 32770.    Sept. 9, 1947.

*184 P. 2d 776.*

118

E. L. Mitchell and W. F. Speakman, both of Oklahoma City, for plaintiff in error Oklahoma Tax Commission.

Roy F. Lewis, of Oklahoma City, for defendant in error.

WELCH, J. This is an action by Boyd Dickson against the Oklahoma Tax Commission and the members thereof, and the sheriff of Pottawatomie county, to enjoin defendants from levying upon the property of plaintiff or doing any act toward the collection of certain tax assessments made by the Tax Commission against plaintiff growing out of the operation of coin-operated music machines.

Plaintiff's petition, in substance, states that the tax sought to be imposed and collected is void and illegal in that "the consumer's sales tax of the State of Oklahoma is a tax upon the consumer and is not in reality collectible from a dealer;" that the tax here involved was assessed under the provisions of House Bill No. 59 of the Session Laws 1943, otherwise known as chapter 33-A of the Acts of the 19th Legislature, 1943 (68 O. S. Supp. 1943 §§1541-1544).

"That said Act of the Legislature above referred to is absolutely void and of no force and effect for the reason that it is ambiguous, indefinite and uncertain, and so much so that it is impossible of application or operation, and that it is impossible to tell or determine from such Act what person or who is to pay said tax, and that said ambiguity and uncertainty so obvious in said Act makes the same absolutely void for uncertainty and indefiniteness.

"That the said alleged Act of the Legislature is further void and of no force and effect for the reason that said Act does not impose any tax whatsoever. . . ."

The petition contains further statements concerning the nature of plaintiff's business and financial condition by reason of which it is esserted that, if the tax claimed is illegal, plaintiff is entitled to injunctive relief.

Defendants by answer asserted the validity of the taxes sought to be collected and that plaintiff had an adequate remedy at law.

By stipulation of the parties the cause was presented upon the statements contained in the pleadings. Judgment was rendered in favor of plaintiff granting permanent injunction against defendants.

The judgment rests on a determination that the act of the Legislature referred to in the petition is invalid and that, under the particular circumstances set forth in the petition, injunction was a proper remedy to prevent the collection of a tax assessed thereunder.

The question presented by plaintiff's assertion that House Bill No. 59 is a nullity, in that it does not levy a tax, has been determined.

In Olson v. Oklahoma Tax Commission, 198 Okla. 607, 180 P. 2d 622, in the first paragraph of the syllabus it was said:

"A duly enacted law which determines that a tax shall be imposed on property subject thereto and fixes its amount or taxable rate, constitutes a valid levy, and the act may be considered as a whole to determine if a tax has been levied."

And in the body of the opinion this court said:

"We hold that House Bill 59 expresses a clear legislative intent to levy a 10% tax on the gross amount deposited in coin-operated music boxes. There is no uncertainty as to the amount of the tax, as to what property it shall be impressed upon, or as to the persons who shall remit the tax. This answers the requirements of a valid levy as defined by this court and other courts . . . The act as it stands is sufficiently complete to determine the legislative intent and contains the necessary requirements for a legal tax levy."

The charge in plaintiff's petition that the act was void for uncertainty presents the same question as considered by this court in Oklahoma Tax Commission v. Alcott et al., 195 Okla. 99, 154 P. 2d 973. In that case this court held:

"House Bill 59 of the 19th Legislature, O. S. Supp. 1943, Title 68, sections 1541 to 1544, inclusive, is not unconstitutional for ambiguity in designation of person or persons upon whom rests the duty of making reports and paying the tax thereby levied.

"It is intended by House Bill 59 of the 19th Legislature, Title 68, O. S. Supp. 1943, sections 1541 to 1544, inclusive, to impose a duty upon any and all several or joint operators of 'coin-operated music boxes and machines' to make a report and pay a tax of ten (10%) per cent of the gross deposits placed in such machines."

The assertions in plaintiff's petition that "the consumers' or sales tax of the State of Oklahoma is a tax upon the consumer and not collectible from a dealer," and that "in connection with the operation of music boxes it is practically impossible to make a charge of a sales tax against consumer," is in contradiction of the clear terms of the statute. The statute by its terms establishes the relationship of taxpayer to the state between the operator and the state. Oklahoma Tax Commission v. Alcott et al., supra. In re Harris, Clift v. Oklahoma Tax Commission, 184 Okla. 459, 88 P. 2d 372.

We can imagine no more definite and certain method of making a charge and a collection than a percentage of the gross proceeds deposited in a coin-operated machine.

There is no claim of payment or incorrectness in the amount of the tax sought to be collected. We find no merit in plaintiff's assertion of the invalidity of the act under which the tax charges arose. Under the circumstances, no discussion of the propriety of the remedy pursued is required.

The judgment is reversed.

HURST, C.J., DAVISON, V.C.J., and RILEY, CORN, and LUTTRELL, JJ., concur.