In re Application of PARKER et al.
PARKER et al. v. HALL et al.

No. 33828.   Oct. 31, 1950.

*223 P. 2d 754.*

Chas. D. Scales and Otis D. James, both of Oklahoma City, for plaintiffs in error.

Herman Merson and Aaron Mesirow, both of Oklahoma City, for defendants in error.

HALLEY, J. The plaintiffs in error will be referred to as applicants and the defendants in error as objectors, as in the court below.

The applicants were the owners of all of the lots in that part of Spencer's Second South Oklahoma City Addition which they sought to have vacated. The addition was platted and dedicated from land which was a part of the homestead of Alva Spencer, deceased, and was platted and dedicated by the heirs of Alva Spencer. The applicant Parker acquired property which was formerly a part of the homestead, both in and out of the addition. The objectors acquired a tract of land shown in the plat as block 25 of the addition, but actually it was not included in the plat because it had previously been conveyed by metes and bounds. It was 300 feet on Shields and 560 feet on 48th street. The addition surrounded it on three sides. 49th street was on the south and Oklahoma avenue on the west.

The applicants filed this suit in the district court of Oklahoma county to vacate the plat as to a part of the addition under sections 523 and 524 of Title 11, O.S. 1941. The notice that was given provided that hearing would be had on February 15, 1948, which was on Sunday, and the matter was taken up on February 16, 1948, and the plat vacated in conformity with the application. The objectors learned of the judgment in the afternoon and filed a motion to vacate the judgment and objection to vacation of plat on February 17, 1948. On March 23, 1948, the trial court, over the objection of the applicants, vacated its judgment of February 16th.

A full hearing was had on the matter and it appeared that applicants Irvin Parker and his wife had been restrained in an injunctive suit by the objectors here from fencing up 48th street in May, 1947. It also appeared that 48th street had been used by the public, customers of objectors and others, along the north side of objectors' property for a distance of 337 feet since before 1933, and that it would cause objectors considerable inconvenience and financial loss to close 48th street, even though they could get into their property from Shields and 49th street, but 49th street had not been improved for use. The court modified its original judgment by eliminating 337 feet on 48th street from Shields west from the judgment and refusing to vacate the plat as to that part of the street. The court made findings of fact and conclusions of law.

The applicants have set up many assignments of error, but have seen fit to argue them under six propositions. We will take those up in order.

For their first proposition, the applicants take the position that in a proceeding under the statute to vacate a part of a plat outside the city limits, the only persons entitled to oppose the same are owners of lots in the addition and the county authorities. How-ever, this court held in Ruminer, Gdn, v. Quanilty et al., 198 Okla. 395, 179 P. 2d 164, that it was error to vacate a public way shown on the plat of a subdivision, and that an injunction should be awarded preventing the closing of the same at the instance of one who bought her property adjoining the subdivision on the representation that the driveway was a public way, as shown by the plat which she examined. The case at bar is a much stronger case for refusal to close the street, since the street had been in use for more than fifteen years, was still being used by the public, and large improvements had been made on the strength of its being a public street, and the objectors' property came from the same source as the applicants'.

Under their second proposition, the applicants argue that the trial court committed error in vacating the judgment without making separate findings and trying and deciding upon the grounds for vacation before trying and deciding the validity of the defense. This is not well taken, for we have held numerous times that judgments or orders of the trial court are under the control of the court pronouncing them during the time at which they are rendered or entered and may be set aside, vacated, corrected, or modified by the court during term time. Levi et al. v. Oklahoma City, 198 Okla. 414, 179 P. 2d 465; Haskell v. Cutler, 188 Okla. 239, 108 P. 2d 146; Tillman v. Tillman, 199 Okla. 130, 184 P. 2d 784. It would have been an abuse of discretion in this case not to have vacated the original judgment.

The applicants did not see fit to urge their third proposition that a showing of use of street by those outside a rural addition is not a defense to a petition to vacate. We think that Ruminer v. Quanilty, supra, disposes of this question against applicants' contention. It also disposes of the argument made by applicants under their fifth and sixth propositions, on the same question as their third.

The applicants' fourth proposition, that the judgment passed on a question which was not in issue in the case and should be stricken therefrom, is correct, and is agreed to by the objectors. That part of the judgment is stricken, which is as follows:

"It is further ordered by the court that all portions of the streets described in the plat herein vacated may be enclosed by the proprietors of the property adjacent thereto in equal proportions, to which defendant objects as not within the issues and beyond the power of the court."

The judgment of the trial court, as so modified, is affirmed.