Archie L. FOLSOM and Frances L. Folsom,
Plaintiffs in Error,

v.

Fred D. NEWMAN and Zedna Ann New-
man, Defendants in Error.

Fred D. NEWMAN and Zedna Ann New-
man and Charles Alward d/b/a Alward
Construction Company, Plaintiffs in Error,

v.

Archie L. FOLSOM and Frances L. Folsom,
Defendants in Error.

Nos. 35170, 35259.

Supreme Court of Oklahoma.

Dec. 14, 1954.

Rehearing Denied May 10, 1955.

508

Earl E. James, Oklahoma City, for Archie L. Folsom and Frances L. Folsom.

Washington & Thompson, Oklahoma City, for Fred D. Newman and Zedna Ann Newman and Charles Alward, d/b/a Alward Construction Co.

O'NEAL, Justice.

On the 16th day of August, 1948, Fred D. Newman and Zedna Ann Newman filed a proceeding in the district court of Oklahoma County, praying for an order vacating a portion of a plat or map previously filed by them in the county clerk's office. The tract of land sought to be vacated was described by metes and bounds and was designated on the plat as "Klein Avenue" and was dedicated as a public street in an addition to Oklahoma City, then in development by the Newmans.

On the 26th day of August, 1948, the district court entered a judgment which recites that upon evidence adduced, the court finds that the Newmans are the owners of blocks 1, 2 and 3 in the Zedna Ann Addition, and that the property sought to be vacated, a street, designated as "Klein Avenue," has never been used by the public, and entered an order of vacation as prayed for.

On the 26th day of August, 1950, Archie L. Folsom and Frances L. Folsom filed a petition in said cause to vacate said judgment, alleging they were the owners of a lot adjacent to Klein Avenue, a public street, which was used as a public thoroughfare. Among other grounds for the vacation of the judgment, it was alleged that the judgment was fraudulently obtained and was entered without the introduction of any evidence; that the Folsoms purchased their lot adjacent to Klein Avenue upon the recorded plat and dedication filed by the Newmans, and that the judgment was obtained without their knowledge and without any notice to them of said proceeding.

On the 1st day of November, 1950, the trial court entered its judgment in Case No. 118636, finding the issues upon the petition to vacate in favor of the Newmans, and against the Folsoms, and entered a judgment accordingly. The cause below, No. 118636, is here on appeal as "Archie L. Folsom and Frances L. Folsom, Plaintiffs in Error, v. Fred D. Newman and Zedna Ann Newman, Defendants in Error" as Case No. 35170.

On the 26th day of July, 1950, the Folsoms filed an action in the district court of Oklahoma County against the Newmans, said cause being numbered 123442, praying for an order perpetually enjoining and restraining the Newmans from erecting buildings upon Klein Avenue, adjacent to their lot, and enjoining them from closing the street by barriers and appropriating it to their private use. As grounds for the injunctive relief the Folsoms plead their purchase of the lot adjacent to Klein Avenue upon the plat and map theretofore filed by the Newmans, and that they were not

notified of the Newmans' application to vacate said street, and that the order of vacation was void. Upon trial of the issues in the injunction case, the trial judge made a finding that the judgment of August 26, 1948, in the vacation suit, was void, and that said judgment was thereupon vacated and set aside. The court thereupon granted the Folsoms a mandatory injunction directing the Newmans to remove any constructions placed by them upon Klein Avenue, and ordered that said street be opened for public use. The Newmans have perfected an appeal and they appear in the injunction Case No. 35,259, as plaintiffs in error, and the Folsoms, as defendants in error.

The cases have been consolidated for briefing and decision, and for clarity we refer to the parties here as the "Newmans" and the "Folsoms."

We find substantial evidence in the record tending to support the court's finding of fact that on May 17, 1947, the Newmans were the owners of a tract of land adjacent to, but not within the corporate limits of the city of, Oklahoma City, and on said date they filed in the office of the county clerk of the county, a plat or map designated "Zedna Ann Addition" and platted the addition in blocks and lots; that said plat disclosed a street, designated as "Klein Avenue" located and extending from 47th to 48th street, which street was dedicated as a public thoroughfare.

That the Newmans filed an application in the district court of Oklahoma County, to vacate a portion of said plat consisting only of the street shown on the plat as "Klein Avenue" and which vacation proceedings did not include any other portion of the platted tract; that upon said application an order was entered vacating the plat as to Klein Avenue, which order or judgment was not entered upon the original plat or records of the county clerk of Oklahoma County, as provided by 11 O.S. 1951 § 524.

That on October 1st, 1948, the Newmans conveyed lot 1, block 3, in said Zedna Ann Addition by warranty deed to one Durham, and by mesne conveyance as of December 6, 1948, said lot was conveyed to the Folsoms; that each of said conveyances disclosed that they were executed "according to the recorded plat thereof"; that prior to the entry of the judgment vacating said street, Newman had contracted to sell the lots abutting the street, and on August 9, 1948, the holders of contracts for deeds executed quitclaim deeds to the Newmans, purporting to convey their interest in the street without reference to its character as a public street; that when Newmans executed their deed to Durham, covering lot 1, in block 3, in said addition, and when the lot was subsequently deeded to the Folsoms, the plat, as recorded by the Newmans, disclosed that said street was an open street and dedicated to public use and that Folsoms' purchase of the lot was made in reliance upon the recorded plat; that from and after July, 1948, and until Newmans placed barriers upon the street and commenced construction of buildings thereon, said street had been used by the public as a public thoroughfare, and that the closing of said street by barriers and construction thereon deprive the Folsoms of ingress and egress to and from their property and the use of said street as a public thoroughfare; that the Folsoms had no actual notice of the proceedings to vacate said street until immediately prior to the filing of the present suits.

Upon these findings the trial court entered an order and judgment that its former judgment of August 26, 1948, in case No. 118636, purporting to vacate Klein Avenue in Zedna Ann Addition, be vacated; that a mandatory injunction issue directing the Newmans to open said Klein Avenue and remove therefrom the construction placed thereon by them, and that they restore the street to its former condition as a public thoroughfare.

In our view of the case the court's judgment in the injunction proceeding must be affirmed under applicable statutes.

 At the time the Newmans filed their petition to vacate the street they were not the owners thereof, as they had dedicated the tract for a public use. Neither did the owners of contracts for deeds to lots adjacent to the street have any legal title to the street, as the limits of their lots

were set forth in the plat or map as running to the street line—not to the center of the street and, therefore, their quitclaim deeds in which they attempted to convey an interest in the street to the Newmans was a nullity. The sole interest of the adjacent lot owners in the street was a right of ingress and egress and the use thereof as a public thoroughfare.

11 O.S.1951 § 515 specifically provides that donations and grants to the public, as shown upon a plat or map are deeded conveyances of a fee-simple title to the tract described, and shall be considered to all intents and purposes a general warranty deed against the donors, and the land intended to be used for a street in a city or an addition thereto, shall be held in the corporate name thereof in trust to and for the use and purposes set forth and expressed or intended.

The record here discloses that the Newmans filed the plat to Zedna Ann Addition on May 17, 1947. The street here involved was vacated under the judgment as of August 26, 1948. On Oct. 1, 1948, the Newmans conveyed lot 1, block 3 to Durham, and by mesne conveyance Folsom acquired title to the lot on December 6, 1948. The Newmans did not file the decree or judgment of August 26, 1948, with the county clerk of Oklahoma County, Oklahoma.

11 O.S.1951 § 524 provides that any decree vacating a plat or any portion thereof shall be filed and recorded in the office of the county clerk in the county where the land is situated, and the county clerk shall note on the original plat a reference to such decree.

11 O.S.1951 § 526, provides:

"Any part of a plat may be vacated under the provisions and subject to the conditions of this Article: Provided, that such vacating does not abridge or destroy any of the rights and privileges of other proprietors in said plat: And Provided, Further, that nothing contained in this section shall authorize the closing or obstructing of any public highways laid out according to law."

We find substantial evidence in the record that from and after the dedication of the street, as shown by the recorded plat, that the street was used as a public thoroughfare.

In the case of City of Frederick v. Mounts, 159 Okl. 85, 14 P.2d 236, we held:

"A district court is without jurisdiction to vacate a portion of the plat of a city, and thereby close public streets across and adjacent thereto which have been dedicated to public use and which are being used by the public for the purpose for which they were dedicated."

After the addition was platted and lots purchased in pursuance thereof, the plat could not be vacated to the prejudice of the purchaser. Revard v. Hunt, 29 Okl. 835, 119 P. 589.

We are of the view and so hold that the trial court erred in refusing to vacate the judgment of August 26, 1948, in Case No. 118636; therefore, said cause on appeal as No. 35170 is reversed. Cause No. 123442 in the trial court vacating and setting aside and holding the judgment of August 26, 1948 void, and in granting the mandatory injunction in said cause here appearing as No. 35,259, is hereby affirmed.

JOHNSON, V. C. J., and WELCH, CORN, DAVISON and O'NEAL, JJ., concur.

ARNOLD, J., concurs in result.

HALLEY, C. J., and WILLIAMS and BLACKBIRD, JJ., dissent.