M. L. MURPHY, Plaintiff in Error,

v.

James RUSH, Beams of Light Church by Its Trustees, and Ardel L. Keeton, A. Adams, Boyle Pitts and Richard Cox, Defendants in Error.

No. 37723.

Supreme Court of Oklahoma.

April 23, 1958.

R. E. Stephenson, Sapulpa, for plaintiff in error.

Fred Patrick, Sapulpa, for defendants in error.

CARLILE, Justice.

This is a proceeding instituted by M. L. Murphy to vacate Block Two and an unplatted tract of land abutting the block on

the west, also that portion of Water Street abutting Block Two on the east, all within and a part of Murphy's Heights 2nd Addition to the City of Sapulpa. A plat and dedication of the addition was filed of record in 1951, which plat shows the addition to consist of Blocks One and Two and some unplatted acreage. Statutory notice was given of the application and date of hearing. Title 11 O.S.1951 Sections 523–524. Prior to the date of hearing the Beams of Light Church, by its Trustees, Richard Cox and other individuals, filed written objections to the vacation of the east half of Block Two and apparently that portion of Water Street which abuts on said block. The evidence introduced related principally to the vacation of the street and not the block. It was alleged by the objectors that they owned certain lots in Laura Lee Addition, which was located east of Block Two in Murphy's Heights 2nd Addition and separated from said block by Water Street, which street is the east boundary of Murphy's Heights 2nd Addition. It was further alleged that the Beams of Light Church dedicated Laura Lee Addition in July, 1956, and that the lot owners in said addition contemplated building their homes there in the near future; that the plat of Murphy's Heights 2nd Addition dedicated Water Street, which street afforded the lot owners ingress and egress to their properties, and in the event the street should be vacated there would be no street from which the lot owners in the Laura Lee Addition could get off their property, and prayed that vacation be denied.

After a hearing on the application and the objections thereto, the trial court denied the application to vacate any part of the Murphy's Heights 2nd Addition, and also denied applicant's motion for a new trial, and he has appealed.

Plats of the two additions were introduced in evidence, and it was stipulated that both additions were outside the city limits of Sapulpa; that the parties were owners of the lots and lands as alleged. The applicant Murphy testified in part that he had sold no lots in Block Two of said addition,

nor any part of the unplatted acreage; that there was a fence between Murphy's Heights 2nd Addition and Laura Lee Addition; that the fence was there when he bought the place in 1931; that no change had been made by him in the surface of South Water Street, nor the acreage, since it was dedicated; that there had been no travel or passageway on South Water Street prior to the time the church opened up the street on an injunction granted September 20, 1956. On cross-examination he said there was a fence running north from the highway along Water Street; that the fence was removed when the county graded the street. At the conclusion of his direct evidence the applicant moved the court to strike the written objections to the application for the reason that the objectors were not legally qualified to protest, and objected to introduction of any evidence by them on the ground that there was no basis for their protest in that it showed the objectors' property was not in Murphy's Heights 2nd Addition. The motion to strike was overruled with exceptions. The objectors esablished their ownership of lots in Laura Lee Addition and testified that they intended to establish homes there, and that when they purchased their lots they relied on the dedication of the plat of Murphy's Heights 2nd Addition, which showed the dedication of Water Street, the boundary line between the two additions. Mr. W, Pastor of the church, testified that the north half of Water Street, which abuts on and along Block One in Murphy's Heights 2nd Addition, had been used for a roadway for over a year, but that there was a fence across the south end of the street which prevented an opening; that it was a dead end street where it joined Highway 75 until the fence was removed. He also testified that there was a limited amount of travel on the south part of Water Street, that it was a dead end street until it was opened.

The plaintiff in error was applicant in the district court, and as grounds for a reversal of the judgment against him charges that the court erred in overruling

his motion to strike the objections to the vacation and erred in overruling his objections to the introduction of any evidence by the objectors, and erred in denying the application to vacate the described property. Applicant asserts that the objectors were without right to protest the vacation because their objections were based on the claim of a future need of a passageway from their land in Laura Lee Addition over South Water Street and the land of the applicant; that objectors are strangers to the title of the land in Murphy's Heights 2nd Addition and are forbidden to impress an easement on the land as a passage over the same. Applicant cites Thomas v. Morgan, 113 Okl. 212, 240 P. 735, 737, 43 A.L. R. 934, as supporting his theory and contention. An examination of the opinion in that case discloses that the plaintiff was a land owner and claimed a way of necessity for travel across defendant's land and alleged that plaintiff had a prescriptive right or easement across the land. Plaintiff's claim was denied and the court there held in part as follows:

"A way of necessity is based upon the presumption of a grant, and will never exist if the two tracts of land are not shown at some time in the past to have belonged to one and the same person."

There is a material difference in the facts of that case and those in the present proceeding and we consider the holding not applicable or controlling in the present action. It is not essential to the rights of the objectors in the present action that the title and ownership of the land in the two additions should have been at one time vested in the same person. The applicant in the present proceeding dedicated Water Street as a part of Murphy's Heights 2nd Addition and now seeks to vacate the south portion of the street, which abuts on the east side of Block Two and is a dividing line between the two additions. Objectors own the lots or land which abut on the east side of that portion of Water Street sought to be vacated. As such owners they have a special interest in the street as a means of ingress and egress to and from their lots and have a right to object to the vacation of the street.

"Where the owners of an addition to the city filed a plat or map designating blocks and lots, and the dedication of a described tract as a public street, such plat or map is deemed in law and equity a sufficient conveyence to vest the fee-simple title to the tract described, and under Tit. 11 O.S.1951 § 515, such public thoroughfare must be held in the corporate name in trust for the use and purposes intended." Folsom v. Newman, Okl., 283 P.2d 507.

"The owner of land abutting upon a public highway, which is obstructed so as to cut off or materially interrupt his means of ingress and egress to and from his property, suffers a special injury, which entitles him to maintain an action to enjoin such public nuisance, although another highway upon which his property abuts affords him another and equally good or better way of ingress and egress." Siegenthaler v. Newton, 174 Okl. 216, 50 P.2d 192, 193.

The opinion in Ruminer v. Quanilty, 198 Okl. 395, 179 P.2d 164, 165, which was an action to enjoin the defendants from maintaining obstructions in a dedicated driveway, cites with approval the above quoted holding in Siegenthaler v. Newton, and further holds:

"Where a party is specially injured by a public nuisance and brings an action to abate the same, lapse of time will neither legalize the same nor estop the injured party from bringing an action to effect its abatement."

See also Town of Chouteau v. Blankenship, 194 Okl. 401, 152 P.2d 379, 171 A.L.R. 87.

The applicant asserts that the objectors are without right to protest the vacation of Water Street because only the owner of lots in an addition are entitled to object to the vacation and objectors are excluded under

the provisions of Title 11 O.S.1951 Section 523, which provides in part:

"* * *, any owner of any lot or lots within such platted lands may appear and oppose and resist such application by filing a verified showing of the grounds therefor, * * *."

A similar contention was made and denied in the case of Parker v. Hall, 203 Okl. 543, 223 P.2d 754, 755, in which the opinion states:

"* * * the applicants take the position that in a proceeding under the statute to vacate a part of a plat outside the city limits, the only persons entitled to oppose the same are owners of lots in the addition and the county authorities. However, this court held in Ruminer v. Quanilty, 198 Okl. 395, 179 P.2d 164, that it was error to vacate a public way shown on the plat of a subdivision, and that an injunction should be awarded preventing the closing of the same at the instance of one who bought her property adjoining the subdivision on the representation that the driveway was a public way, as shown by the plat which she examined. * * *."

The record in the present proceeding shows that some time prior to the entry of the judgment herein the fence across the south end of Water Street, where it intersected Highway 75, had been moved pursuant to a decree of injunction in another action, and the street had been graded by the county and opened for travel.

"A district court is without jurisdiction to vacate a portion of the plat of a city, and thereby close public streets across and adjacent thereto which have been dedicated to public use and which are being used by the public for the purpose for which they were designated." City of Frederick v. Mounts, 159 Okl. 85, 14 P.2d 236.

We have considered the record and find the evidence and law applicable thereto sufficient to sustain the action of the trial court in denying the application to vacate the south half of Water Street, and the trial court did not err in so holding. However, we conclude the holding to be erroneous and contrary to the clear weight of the evidence as to the remainder of the judgment denying the application to vacate Block Two and the adjoining unplatted acreage. The judgment of the District Court denying the application to vacate that portion of Water Street extending from Murphy's Avenue south along the east side of Block Two to the south line of Murphy's Heights 2nd Addition, where the street intersects Highway 75, is sustained and affirmed.

The judgment of the trial court denying the application to vacate Block Two and the unplatted acreage lying and abutting on the west side of said block in said addition is reversed with directions to enter judgment vacating Block Two and the unplatted acreage abutting on said block.

CORN, V. C. J., and HALLEY, JOHNSON, WILLIAMS, BLACKBIRD and JACKSON, JJ., concur.