**RED ROCK PETROLEUM COMPANY, INC., Appellee,**

v.

**CITY OF CHOCTAW, Appellant.**

No. 60903.

Court of Appeals of Oklahoma, Division No. 2.

Oct. 2, 1984.

Released for Publication by Order of Court of Appeals Oct. 29, 1984.

G. Neal Rogers, Sherman, Pool, Thompson, Coldiron & Rogers, Del City, for appellant.

Geary L. Walke, Coleman, Walke & Briggs, Del City, for appellee.

REIF, Judge.

Red Rock Petroleum Company, as abutting property owner, made application to vacate a portion of a dedicated street easement within the municipal limits of the City of Choctaw. The trial court entered an order granting the application. From this order, City appeals.

First, City asserts that 11 O.S.1981 §§ 42–101 through 42–115, under which the proceedings were brought and relief granted, are unconstitutional. City contends this legislation is an impermissible delegation of legislative power and function to the judiciary. Second, it alleges there is insufficient evidence to support the granting of the application to vacate. Having reviewed the record and applicable law, we affirm.

I

City's constitutional challenge to 11 O.S. 1981 §§ 42–101 through 42–115, appears to be the first such attack on this or predecessor statutes concerning the vacation of dedicated street easements. City views the determination involved as primarily legislative in nature. It contends that the real interests affected are the political and economic well-being of the municipality as well as its orderly development. As such, City argues that vacating dedicated street easements is on the same order as other well recognized and established municipal legislative functions such as detachment of territory from the municipality, zoning and the general exercise of police power. It further argues that the judiciary in Oklahoma cannot be delegated such legislative determinations or powers. Therefore, City contends, the role of the courts is limited to a review of municipal action to determine whether the action was within its granted power.

We find City's contention and supporting argument unavailing. The Oklahoma Constitution art. 18, § 7, expressly vests and reserves superintending control of streets and public ways in the state:

No grant ... or other use of the streets, alleys, or other public grounds or ways of any municipality, *shall divest the State*, or any of its subordinate subdivisions, of their control and regulation of such use and enjoyment. (Emphasis added.)

In *Stockton v. Board of Commissioners of Pittsburg County*, 184 Okla. 150, 85 P.2d 403, 404 (1938), the court characterized the authority to vacate dedications by plats as within the state's sovereign power. It specifically recognized that such power extended to the "control, and determination, of property rights" and recognized the exercise of such power by "the state, its political subdivisions, *or* its courts." (Emphasis added.)

Title 11 O.S.1981 § 42–102, expressly vests power in the district court to vacate dedicated street easements. Moreover, 11 O.S.1981 § 42–101, also clearly distinguishes between the authority to discontinue the use of dedicated streets, without affecting title, and the authority to terminate the property rights in a dedicated way, vesting title in private ownership. The former is a matter of municipal legislative authority under the statute, while the latter involves the adjudication of the title to the land. In *Zwirtz v. Dorl*, 123 Okla. 284, 253 P. 75, 76 (1926), the adjudication of title to real property has long been within the purview of the court's original jurisdiction, the court stated:

The district court has jurisdiction to determine in whom title to real property may be vested, and is necessarily clothed with power and jurisdiction to determine every question leading up to a final determination of where the title vests.

The statute contains clear guidelines and safeguards to avoid and check judicial encroachment on municipal legislative control of streets and public easements. Vesting of title in an abutting land owner can only occur where it "will not injuriously affect the rights of owners of other portions of

1288

the plat or the public." 11 O.S.1981 § 42–104(B).

The court may vacate if the portion or abutting way desired to be vacated is either not used or not required for county or municipal purposes or has never been used by the public. In addition, vacation may be ordered when for more than ninety days, the public has abandoned all or a portion of it by nonuser or it has been enclosed and occupied adversely to the public, and application was made to close at least ninety days prior to filing in district court when the appropriate governmental agency has not or will not act. 11 O.S.1981 § 42–104(C).

Section 42–108, further provides:

Any part of a plat may be vacated in accordance with the procedures and subject to the conditions of Sections 42–101 through 42–115 of this title, provided such vacating does not abridge or destroy any of the rights and privileges of other owners in the plat. *Nothing contained in this section shall authorize the closing or obstructing of any public highway laid out according to law.* (Emphasis added.)

In addition, the supreme court has consistently held that the district court is without jurisdiction to vacate public streets which have been dedicated to public use *and which are being used by the public for the purpose for which they were dedicated. State ex rel. Burk v. Oklahoma City,* 522 P.2d 612, 618 (Okla.1973); *City of Frederick v. Mounts,* 159 Okla. 85, 14 P.2d 236, 237 (1932).

As the court pointed out in *Stockton,* 184 Okla. at 151, 85 P.2d at 405 (citation omitted):

It is a basic rule of statutory construction that the intent of the legislature, when ascertained shall govern .... We conclude that the purpose of the statutes under consideration was, as the language of the act indicates, to provide a means of vacating the plat or a portion thereof of any tract of land platted for town or city purposes.

A statute will not be declared invalid as being repugnant to the constitution unless such repugnancy is clear and appears beyond a reasonable doubt. *Oklahoma Tax Commission v. Allcott,* 195 Okla. 99, 154 P.2d 973, 976 (1944). There is nothing clearly constitutionally repugnant in a statutory scheme that provides for judicial determination to settle title of a public way. We conclude that the purpose of 11 O.S.1981 §§ 42–101 through 42–115, is to provide a means for property owners to reclaim title to lands originally dedicated, when the public use for it has ceased or never existed.

A municipality's power has always been subordinate to state legislation on matters of general statewide public concern and sovereign interest. This has been recognized in particular with respect to the use of easements and rights of way in which the public had an interest. *See City of Tulsa v. Southwestern Bell Telephone Co.,* 5 F.Supp. 822 (1934), *aff'd,* 75 F.2d 343, *cert. denied,* 295 U.S. 744, 55 S.Ct. 656, 79 L.Ed. 1690 (1935). The provision of a uniform method of vacating dedicated easements applicable statewide is equally such a matter of general public concern and sovereign interest.

II

City next assails the vacation of the street easement on the grounds that it was not supported by sufficient evidence.

In regard to evidence, the court declared it, "heard the stipulations of fact, and viewed exhibits of the plats relative to this consideration and photographs of the portion of the street to be vacated." The court found that the street easement had *never* been used by the public and was presently in a condition which not only inhibited public use, but which was in the nature of a nuisance. The court further found the vacation would not injuriously affect the rights of the public or of owners of other portions of the plat.

There is no transcript of the hearing. The record presented to this court on appeal is devoid of any written or otherwise

recorded stipulations. Likewise, there are no exhibits such as the plats or photographs.

The trial court is under no sua sponte duty to make or preserve a verbatim or other itemized record for appeal. It is the duty of the appealing party to cause to be prepared and filed a sufficient record to show cause for reversal. *King v. Sherrill*, 496 P.2d 803, 804 (Okla.1972). In bringing the appeal, such portions of the record that the party wishes the appellate courts to consider in support of its propositions must have been preserved and designated. *Blackburn v. Morrison*, 29 Okla. 510, 118 P. 402 (1910). In order for this court to pass on City's challenge to the sufficiency of the evidence, it was incumbent upon the City to present the evidence for this court to review. *Gilkes v. Gilkes*, 389 P.2d 503 (Okla.1964).

It is presumed that the trial court acted properly and did all things necessary to sustain the proceedings. *Armstrong v. Gill*, 392 P.2d 737, 738 (Okla.1964). In the instant case, the record reveals the hearing required by the applicable statutes was held following the prescribed notice. City and Red Rock appeared and offered evidence on the issues of fact and law. Where the record does not include any evidence to support the alleged error, a presumption arises that the judgment was responsive to the proof. *Hamid v. Sew Original*, 645 P.2d 496, 497 (Okla.1982). We will presume the evidence supported the findings of the court.

City claims that the proceeding was insufficient because it amounted to the improper granting of a summary judgment. We dismiss this outright. The record is clear that the district court conducted this proceeding and entered its judgment in accordance with the special proceeding requirements of the statutes. It is also clear that judgment was entered upon a full adversary hearing. The decision of the trial court is affirmed.

MEANS, P.J., and BACON, J., concur.