## OLSON v. OKLAHOMA TAX COMMISSION.

No. 32891. Feb. 25, 1947.

Rehearing Denied April 24, 1947.

Second Petition for Rehearing Denied May 20, 1947.

*180 P. 2d 622.*

C. D. Stinchecum, of Oklahoma City (Hal D. Leaming, Byrne A. Bowman, and Bert B. Barefoot, Jr., all of Oklahoma City, of counsel), for plaintiff in error.

E. L. Mitchell and W. F. Speakman, both of Oklahoma City, for defendant in error.

BAYLESS, J. The Oklahoma Tax Commission assessed a tax on the gross proceeds derived from operation of music machines owned by Don Olson under the authority of House Bill No. 59, 68 O. S. Supp. 1945, § 1541 et seq. Olson paid the tax under protest and filed an application for refund, which was heard and denied by the commission, from which order he has appealed to this court.

Olson contends that House Bill 59 is invalid because it fails to levy a tax upon a specific taxable subject. The title of House Bill 59 is as follows:

"An Act levying a tax of ten per cent (10%) on the gross deposits in coin-operated music boxes and machines; providing for the distribution of the proceeds of said tax for the support of state government; requiring operators of such music boxes and machines to make monthly reports and pay the amount of tax due to the Oklahoma Tax Commission; defining terms, prescribing penalties; and declaring an emergency."

Section 1541 defines the term "music box or machine" and the term "operator."

Section 1542 provides, in part:

"Every operator of a coin-operated music box or machine, as herein defined, shall, on or before the tenth day of each month following the month during which any such machine is operated, file with the Oklahoma Tax Commission a report in such form as may be required by said commission, showing the location of the machine, or machines, operated by him during the preceding month, the serial number of each such machine, the total amount of all deposits in such machine, or machines, and at the same time *remit to the Oklahoma*

*Tax Commission a tax of ten per cent (10%) of the gross amount deposited therein* for the purpose of operating such machines during the preceding month. . . ." (Emphasis ours.)

Section 1543 provides, in part, as follows:

"Every person who fails and refuses to make the report required and pay the tax when due shall be guilty of a misdemeanor. . . ."

Section 1544 appropriates the revenue to the general revenue fund of the state, for support of the state government.

Section 5 of the act, not codified, contains the emergency clause.

Section 13, art. 10, Oklahoma Constitution, provides that "The state may select its subjects of taxation, . . ."

Section 12, art. 10, Oklahoma Constitution, provides that "The Legislature shall have power to provide for the levy and collection of . . . taxes." There is no formal paragraph in House Bill 59 levying a tax on the gross deposits in music boxes. Olson, in his brief, quotes the formal levying paragraph from the various tax laws. As an example of what is meant by the formal levying paragraph we quote from the Sales Tax Law, 68 O. S. 1941 § 1251c, as follows:

"There is hereby levied an excise tax of two per cent (2%), upon the gross proceeds or gross receipts derived from all sales . . . to any person. . . ."

This formal paragraph does not appear in House Bill 59. The question arises, Has a tax been levied under the provisions of the act? 51 Am. Jur., Taxation, § 650, states:

"A tax cannot be imposed without clear and express words for that purpose, . . . If the right asserted in behalf of the tax or its collection is not clear, it must be denied; it must appear plainly from the words of the statute and cannot be sustained as within its spirit. Nevertheless, the statutes are to receive a reasonable construction with a view to carrying out their purpose and intent."

A tax must be levied by the use of apt words and cannot be deduced by implication. Sayles v. Commissioner of Corporations and Taxation, 286 Mass. 102, 189 N.E. 579; United States v. Merriam, 263 U. S. 179, 44 S. Ct. 69, 68 L. Ed. 240; Shreveport-Eldorado Pipe Line Co. v. McGrawl, 63 Fed. 2d 202. The court must determine the meaning of the word "levy" as used in the Constitution in order to ascertain if the act in question constitutes a valid levy in the light of the above-stated principles of law. We find this term defined in the case of Protest of First National Bank of Guthrie, 136 Okla. 141, 276 P. 766, wherein the court said, p. 767:

"We quote from Cooley on Taxation, 1924, § 1012, as follows: 'The word "levy" as applied to taxation, is given a variety of meanings. Strictly speaking, a levy is the legislative act, whether state or local, which determines that a tax shall be laid, and fixes its amount, and this is the meaning of the term as used in this chapter.' . . .

" ' "Levying a tax usually means the fixing of the rate at which property is to be taxed." Emeric v. Alverado, 64 Cal. 529, 2 P. 418.' "

Sussex County v. Jarrett, 129 Va. 672, 106 S. E. 384, at p. 387:

" 'The levy of taxes is a legislative function and declares that subject and rate of taxation,' Hilliard on Taxation, p. 290."

Similar definitions of the word "levy" may be found in Southern Ry. Co. v. Kay, County Treasurer, 62 S. C. 28, 39 S. E. 785; Union Trust Co. of Md. v. State, 116 Md. 368, 81 Atl. 873; Missouri, K. & T. Ry. Co. v. Hays, County Treas., 119 Kan. 249, 237 P. 1029.

We hold that House Bill 59 expresses a clear legislative intent to levy a 10% tax on the gross amount deposited in coin-operated music boxes. There is no uncertainty as to the amount of the tax, as to what property it shall be imposed upon, or as to the persons who shall remit the tax. This answers the require-

ments of a valid levy as defined by this court and other courts. We need not determine whether the Legislature inadvertently omitted the formal levying paragraph. The act as it stands is sufficiently complete to determine the legislative intent and contains the necessary requirements for a legal tax levy.

Petitioner relies strongly upon the case of Mann v. McCarroll, 190 Ark. 628, 130 S. W. 2d 721, which involved the interpretation of a retail sales tax statute. One paragraph of the act, standing by itself, would appear to levy a use tax, and the language of this paragraph bears a similarity to the provision in House Bill 59 providing that the operator shall remit to the commission a tax of 10% of the gross amount deposited in each coin operated music machine. The court held the intention of the entire act was to levy a sales tax, and there being no clear intent to levy a use tax, the act would not be so construed. The statute interpreted in that case was ambiguous. House Bill 59 is not ambiguous.

The 1941 Sales Tax Act, 68 O. S. 1941 §§ 1251 et seq., imposes an excise tax of 2% upon the gross receipts derived from:

". . .

"(j) Dues or fees to clubs, and the sale of tickets on admissions to places of amusement, to athletic, entertainment, recreational events, or dues or fees for the privilege of having access to or the use of amusement, entertainment, athletic or recreational facilities, . . ."

Music boxes were not set apart in a special class. The commission has interpreted the statute quoted above to include music boxes. Protestant does not question this interpretation. The court assumes, without deciding, that such interpretation is correct. House Bill 59, enacted in 1943, levied an excise tax on the gross amount deposited in music boxes. The Sales Tax Act apportioned 97% of the revenue derived therefrom to the State Assistance Fund

and the remaining 3% to the Oklahoma Tax Commission Fund. House Bill 59 apportioned the proceeds derived from the music box tax to the credit of the general revenue fund of the state.

Protestant urges that the Legislature, having once established a distinct class for the purpose of taxation (as was done under section 1251c(j), supra), is without power to impose an additional tax burden, identically the same, except for rate, upon a smaller class of taxpayers who are an integral part of a larger distinct class subject to the sales tax. This, he says, is double taxation in violation of the "due process" and "uniformity" provisions of the Oklahoma Constitution.

Volume 1, Cooley on Taxation (4th Ed.) § 225, states:

". . . there can be no double taxation, strictly speaking, under any Constitution requiring equality and uniformity in taxation. By duplicate taxation in this sense is understood the requirement that one person or any one subject of taxation shall directly contribute twice to the same burden, while other subjects of taxation belonging to the same class are required to contribute but once."

Plaintiff's contention would be well taken if there were not a reasonable basis for subclassifying music boxes after a previous general classification as "amusement, entertainment, . . . or recreational facilities." We hold that the Legislature, having once established a classification for the purpose of an excise tax, is not prohibited from later subclassifying property originally included in the general classification and levying an additional tax on that particular property, when there is a reasonable basis therefor. The same test should be applied to determine if the subclassification is reasonable that would apply in determining the reasonableness of an original classification. In the case of In re Assessment of Sales Tax Against Knapp, 185 Okla. 584, 95 P. 2d 92, we said, at pages 93-4:

"Section 5, Art. 10, of the Constitution provides that . . . 'taxes shall be

uniform upon the same class of subjects.'

". . . 'The power of the state to distinguish, select, and classify objects of taxation has a wide range of discretion. The classification must be reasonable, but there is no precise rule of reasonableness, and there cannot be an exact exclusion or inclusion of persons and things.'

"And: 'The rule, however, is not without its limitations, for it is equally well settled that the classification must always rest upon some difference which bears a reasonable and just relation to the act, in respect to which the classification is proposed, and can never be made arbitrarily and without any such basis. Is the present act, levying one rate of tax on oil and gas, and a lesser rate on ores bearing lead, zinc, jack, gold, silver, copper, or asphalt, and which omits a gross production tax on coal, in conflict with this rule? Clearly it is not.' "

The general classification under 68 O. S. 1941 § 1251 et seq., as amusement, entertainment or recreational facilities is very broad. To construe this act as precluding further excise tax upon separate subjects within its scope would seriously restrict the Legislature in the exercise of its revenue-raising power. Coin operated music boxes have many attributes not common to other facilities covered by the general classification. It appears to us there is a reasonable basis for subclassifying music boxes to levy the tax involved herein.

Subclassifying for the purpose of taxation does not violate the constitutional provision that "taxes shall be uniform upon the same class of subjects," so long as there is a reasonable basis for so doing. In State ex rel. Evans v. Kozer, Secretary of State, 116 Ore. 581, 242 P. 621, the court upheld the validity of an act which required vehicles used in delivering merchandise under certain conditions, in addition to the regular vehicle license fee, to pay an additional fee equal to 50% of the license fee. The court stated in paragraph 5 of the syllabus:

"Power to classify objects of taxation, which is vested in Legislature, implies right to subclassify, if there is reasonable basis therefor."

51 Am. Jur., Taxation, § 179 reads:

"The rule requiring equality of taxation within the same class does not prevent subclassifications in taxing statutes, it having been asserted in this connection that the Legislature is not bound to tax every member of a class or none, but may make distinctions of degree having a rational basis."

In State ex rel. Atty Gen. v. Tittmann, 42 N. M. 76, 75 P. 2d 701, the court said, paragraph 1 of the syllabus:

"An attorney who has paid the license tax exacted to raise funds to defray the expenses of the board of commissioners of the State Bar, and the license fee exacted under the Sales Tax Law for issuing a license without which those taxed under the act may not engage in business, and also 2 per cent of the gross income received from his professional labors as an attorney has not suffered 'double taxation' in the prohibitive sense."

Pages 703-4 of the opinion:

" '. . . if the tax is uniform, the amount of it is in the discretion of the taxing authorities, and it may all be levied at one time, or it may be the subject of several levies.'

". . . There is no provision of the New Mexico Constitution which prohibits double taxation if the taxes are equal and uniform upon subjects of the same class; nor does the Federal Constitution afford protection against double taxation by the authorities of a state. Baker v. Druesedow, 263 U. S. 137, 44 S. Ct. 40, 68 L. Ed. 212;"

Protestant cites no authority supporting the specific point that the Legislature cannot make a subclassification by enactment subsequent to the act making a general classification.

"Legislative classifications in tax matters are presumptively valid, the burden being on the challenger to prove that such a classification does not rest upon a reasonable basis, and will not be dis-

turbed by the judiciary in the absence of unreasonable, discriminatory, or arbitrary action." 51 Am. Jur., sec. 174. In re Assessment of Sales Tax Against Knapp, supra; Oklahoma Tax Comm. v. Allcott et al., 195 Okla. 99, 154 P. 2d 973.

Protestant's contention fails to meet the test of the above rule.

Order of the Tax Commission is affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and CORN, JJ., concur. GIBSON and ARNOLD, JJ., concur in conclusion.