[No. 38349. Department Two. April 14, 1966.]

WILMA JONES, *Respondent,* v. JAMES D. JONES, *Appellant.*[*]

*Marion Garland,* for appellant.

*Greenwood, Shiers & Kruse,* by *Leonard W. Kruse,* for respondent.

WEAVER, J.—This is a child custody case. The father was awarded custody by the divorce decree, but lost custody to the mother when the latter (who had remarried) successfully petitioned for an order of modification. The father appeals from the order changing custody.

The Joneses were divorced in May, 1963. Pursuant to an agreement between the parties, the divorce court gave custody of the three children (then aged 11, 9 and 4) to the father. Since the divorce, and at the time of the 1965 modi-

[*]Reported in 413 P.2d 338.

fication, the children have been living in the home of the father, being cared for primarily by their grandmother. Also living in the home was defendant's brother, who is retarded and crippled.

In 1964 the mother petitioned for a change of custody. The order granting the change was entered April 9, 1965. The trial court did not find that the father (appellant) was an unfit person; rather, the judge found that "he [the father] has furnished the children with a reasonably good home . . . ." However, the trial court granted the change for four reasons:

(1) The children were "not presently doing well in school and a change in schools would possibly benefit them."[1]

(2) Living in a home with "an unfortunate individual . . . who is . . . retarded and spastic . . . is not a pleasant surrounding for the children to be brought up in."

(3) The mother was felt to be a fit and proper person to whom care, custody and control should be awarded.

(4) The mother now is a partner in a "perfectly stable marriage" and "would be able to be home with the children."

We are informed upon oral argument in this court that *the father has remarried since the 1965 modification proceedings.* We have announced consistently (too often to need citation of authority) that in custody cases the welfare and best interests of the children are of prime and controlling importance; but once custody is judicially determined, there must be a substantial change in circumstances before it will be disturbed. Accordingly, we must remand this matter for a prompt determination of what would be in the best interests of the children in view of the father's remarriage.

---

[1]The order changing custody provided that the mother (respondent) was to be awarded custody at the end of the 1965 school year. However, due to commendable advice from her counsel, the mother agreed to postpone the change of custody until this appeal is decided, so as to avoid further disruptions in the children's domestic life.

If either party is aggrieved by the result of the hearing which we are now ordering, *speedy* appellate review by writ of certiorari may be accomplished under Rule on Appeal 57(b)(1), instead of by appeal.

The cause is remanded for further proceedings. Custody is to remain with the father pending a final determination of this matter.

It is so ordered.

ROSELLINI, C. J., FINLEY and HAMILTON, JJ., and BARNETT, J. Pro Tem., concur.