[No. 39056.    Department Two.    June 1, 1967.]

JANICE JOANNE BEEZLEY, *Respondent*, v. WILLIAM MERCER BEEZLEY, *Appellant*.*

*Smith Troy* and *John R. Kramer*, for appellant.

*Foster & Foster*, for respondent.

PER CURIAM. —On October 14, 1963, appellant and respondent were divorced. The custody of the one child of their marriage, then approximately 3 years of age, was awarded to respondent, subject to reasonable visitation rights accorded to appellant. Prior to entry of the decree of divorce, appellant surreptiously removed the child from the custody of respondent and did not return the child until he was, subsequent to the decree of divorce, apprehended upon a forgery charge then outstanding against him. In

*Reported in 427 P.2d 1015.

January, 1964, appellant was convicted of the forgery charge and sentenced to serve a period of not more than 20 years in the state penitentiary at Walla Walla. At or about the same time, appellant advised respondent that if the opportunity presented itself he would again remove and conceal the child from her custody.

Since the decree of divorce respondent remarried and appellant, until paroled recently, remained in the penitentiary.

On April 12, 1965, respondent petitioned the superior court to modify the visitation privileges provided by the decree of divorce. In this respect she asked that she be awarded sole and complete custody of the child, that appellant be permanently deprived of visitation rights, and that appellant be relieved of his child support obligations.

From findings of fact, conclusions of law, and an order granting respondent's petition, appellant pursues this appeal.

Appellant's basic contention is that the evidence adduced at the modification proceeding fails to reveal any material change in circumstances occurring since the entry of the decree of divorce, which authorizes or warrants modification of the original divorce decree.

We cannot agree with appellant upon this score.

■ The evidence reveals at least two events occurring since entry of the original decree which warranted the trial court's consideration of respondent's petition. They are: (1) Appellant's threat to remove and conceal the child in derogation of respondent's custodial rights; and (2) appellant's conviction, sentence, and incarceration for the crime of forgery. Either one of these circumstances bears directly upon the immediate and future welfare of the child, and clearly justifies the intervention of judicial discretion in determining the advisability of continuing appellant's visitation rights. Cf. *Borenback v. Borenback*, 34 Wn.2d 172, 208 P.2d 635 (1949), and *Joslin v. Joslin*, 45 Wn.2d 357, 274 P.2d 847 (1954). The trial court therefore did not err in entertaining respondent's petition.

■ We were advised by counsel, during oral argument before this court, that the marital status of respondent has substantially altered since entry of the order appealed from. These changes are such as to cast doubt upon respondent's spousal responsibility, stability, and motivation. In turn, these circumstances reflect directly upon the welfare of the child, and are such as to compel the conclusion that the order totally depriving appellant of visitation rights and relieving him of support obligations was unseasonably entered.

Accordingly, we modify the outstanding findings of fact, conclusions of law, and order to the end that such shall provide that appellant be relieved of support responsibility and be deprived of visitation rights subject to and only until further order of the superior court.

With this modification, the cause is remanded to the superior court for such further proceedings as the parties may initiate. *Cf. Jones v. Jones,* 68 Wn.2d 413, 413 P.2d 338 (1966).

Each party shall bear his own costs on appeal.