**OKLAHOMA TAX COMMISSION,**
*Plaintiff in Error,*
**v.**
**K. E. McAFEE et al., Defendants in Error.**
**No. 42177.**

Supreme Court of Oklahoma.
Nov. 25, 1969.

Albert D. Lynn, E. J. Armstrong, R. O. Ingle, Oklahoma City, for plaintiff in error.

McAfee, Dudley, Taft, Cates & Mark, Oklahoma City, for defendants in error.

DAVISON, Justice.

Oklahoma Tax Commission (defendant below) appeals from a judgment sustaining a motion for summary judgment in favor of K. E. McAfee, et al, (plaintiffs below).

Our narration of the pleadings and circumstances will be limited to those matters necessary to a determination of this appeal.

Plaintiffs filed suit to recover from the defendant a sum in excess of $120,000.00, assessed against them for income taxes, and paid under protest, claiming, among other things, that the defendant had no lawful authority to determine their liability and make the assessment against them by means of defendant's own summary administrative proceedings. After the issues were made up, the plaintiffs filed a "Motion for Summary Judgment and Alternative Motion for Judgment on the Pleadings." The lower court sustained the motion on the ground that the defendant lacked statutory power to proceed as it did, and held that defendant's remedy was by an action at law or a suit in equity. After the lower court had announced its ruling, the defendant requested leave to amend its answer to incorporate therein a cross petition against the plaintiffs to impress liability upon them. This was denied.

The question presented to this court is whether the defendant had authority to proceed, by summary administrative proceedings, to determine the liability of transferees of assets of a dissolved corporation and to compel them to discharge unpaid income taxes of the corporation.

Plaintiffs alleged the action was brought under the Uniform Tax Procedure Code, 68 O.S.1961, § 1449 et seq., and particularly § 1475 (68 O.S.Supp. 1965, § 201 et seq., § 226), to recover income tax wrongfully assessed for the years 1959 and 1960, which was paid under protest to the defendant; that Hialand Development Corporation was organized under the laws of the State of Delaware in 1958, and domesticated and transacted business only in the State of Hawaii, and was legally dissolved July 14, 1960; that the individual plaintiffs, with one exception, were stockholders of the corporation during its corporate existence; and that Liberty National Bank and Trust Company was a plaintiff because defendant named it as an agent of the former stockholders of the corporation.

Plaintiffs further alleged that on July 27, 1964, the defendant assessed income tax liability for the years 1959 and 1960, against the dissolved corporation, and the individual plaintiffs as asserted transferees; that plaintiffs protested the assessments and after a hearing before it, the defendant denied the protest and by its order assessed the tax against the plaintiffs for said years. Plaintiffs alleged the assessment was not an assessment of income taxes, but was an attempt to assert and enforce a transferee liability in a wrongful and illegal manner, and that there was no legal basis for assessing or collecting any tax against those plaintiffs who were non-residents of Oklahoma.

Defendant's answer admitted the final liquidation of the corporation, and alleged the corporation failed to file Oklahoma income tax returns; that the assessment was made by it against the liquidated corporation and the plaintiffs as transferees and stockholders of the corporation; that upon liquidation of the corporation the funds and assets thereof were transferred to the stockholders or that a trust fund was created and placed in the hands of a trustee for the benefit of the stockholders or transferees; and that the transferees were liable for the corporation's taxes to the extent of the assets received by them from the corporate transferor.

Plaintiff's answer denied all allegations in the answer which were inconsistent with those in the petition.

It is our conclusion that the pleadings present the question of law hereinabove stated.

Our reference to the Uniform Procedure Code will be by the 1965 codification.

In making the described assessments, the defendant proceeded under 68 O.S.Supp. 1965, § 221, which provides that if any *taxpayer* shall fail to make any report or return as required by any State tax law, the Tax Commission, from any information in its possession or obtainable by it, may determine the correct amount of the tax for the taxable period, and if it determines that there is a tax due, then mail a copy of the proposed assessment to the *taxpayer*, who may file a protest and have a hearing thereon before the Tax Commission for determination of the merit of the protest and final order on the assessment.

Defendant relies upon 68 O.S.Supp. 1965, § 202, which defines "taxpayer" as, "Any person owing or liable to pay any State tax."

Defendant contends that the term "taxpayer" and the definition thereof, appearing in the above statutes, includes "transferees" of the assets of a liquidated corporation and their liability for unpaid income taxes of the corporation.

At this point, we call attention to § 215 of the Code, providing that the *taxes*, fees, etc., "imposed or levied by any State tax law, or by this Article" may be collected in the same manner as a personal debt of the *taxpayer*, recoverable by an action in any court of competent jurisdiction, to the same effect and extent as for the enforcement of a right of action for debt, and giving to the State of Oklahoma all provisional remedies available in such actions.

We also direct attention, for purposes more apparent in our later discussion, to that portion of 68 O.S.1961, § 874 (68 O.S. Supp.1965, § 2302) of the Oklahoma Income Tax Law, defining the term "taxpayer" to mean "any person subject to a *tax* levied by this Article, or whose income is, in whole or in part, subject to a *tax* levied by any provision of this Article." (Emphasis added)

It appears to be conceded by the parties that there are no Oklahoma decisions directly determinative of the propositions presented to this court. In lieu thereof decisions of Federal Courts involving liability and enforcement of the liability of transferees are presented as authority to use in determining the correctness of the lower court's judgment.

Prior to 1926 there was no federal statutory law authorizing the Commissioner of Internal Revenue to use summary administrative proceedings to determine the liability of stockholder transferees of the assets of a dissolved corporation and to compel them to discharge unpaid income taxes owed by the corporation. In that situation, such payment by the transferees could be enforced only by a bill in equity or an action at law. Phillips v. Commissioner of Internal Revenue, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289. See also 9 Merten's Law of Federal Income Taxation, Chap. 53, § 53.01.

In 1926 Congress enacted § 280(a) (1), Chap. 27, 44 Stat. at L. 9, 61 (26 U.S.C.A. § 6901(a) (1)), providing that the liability, at law or in equity, of a transferee of property of a taxpayer in respect of the tax imposed on the taxpayer, could be assessed, collected, and paid in the same manner as that of the delinquent taxpayer. Under that statute the Commissioner of Internal Revenue could proceed by summary administration proceedings to compel the transferee to discharge the unpaid income taxes of the corporation. See Phillips, supra.

Plaintiffs urge in support of the judgment of the lower court that the situation in Oklahoma under its present statutes is like that in the federal law prior to passage of the 1926 statute. Defendant disputes this, and urges that the Oklahoma statutes, supra, authorize it to enforce transferee liability by summary administrative proceedings.

Plaintiffs and defendant both cited Wewoka Petroleum Corporation v. Gilmore, Okl., 319 P.2d 285, and are in agreement as to the status of corporate assets.

Therein we stated the rule that corporate assets comprise a "trust" for the payment of its liabilities, and that the equitable right of creditors of a dissolved corporation to have its assets applied to the satisfaction of their claim was superior to the rights of the stockholders. The case involved an action instituted after dissolution of the corporation to collect a private debt of the corporation from the transferees of the corporate assets. It furnished grounds for such an action. It does not support the procedure used by the defendant.

The Federal Courts have been called upon to determine issues concerning the liability of transferees in tax matters, and the relative status of the taxpayer and the transferees of assets.

In United States v. Floersch, 276 F.2d 714 (10th Cir. 1960), the court, after holding that under the applicable State law the assets could be reached in the hands of the transferee by creditors of the transferor, held that transferee liability imposed no personal liability, but only subjected the property in the hands of the transferee to the debts of the transferor. See also Koch v. United States, 138 F.2d 850 (10th Cir. 1943) and 9 Merten's Law of Federal Income Taxation, Chap. 53, § 53.05.

In Voss v. Wiseman, 234 F.2d 237 (10th Cir. 1956), it was held that the federal statute (1926 law, supra) merely made available, as against the transferee, the summary statutory procedure used to determine and collect delinquent taxes from a taxpayer; that it did not impose any new obligations on the transferee of the taxpayer's property; and that *for procedural purposes*, the transferee is treated as a taxpayer but the liability was secondary, not primary. The court repeated the statement in the Phillips case, supra, that prior to the enactment of the statute (1926), the liability of the transferee could be enforced only by a bill in equity or an action at law. See also United States v. Kensington Shipyard & Drydock Corp., 187 F.2d 709, 27 A.L.R.2d 708 (3rd Cir. 1950).

See too Continental Oil Co. v. Helvering, 69 App.D.C. 236, 100 F.2d 101, 109, 110, (1938), in which it was further stated that the word "taxpayer" was properly limited in its application to one primarily liable as a taxpayer.

From our examination of the Oklahoma statutes, supra, and by reference to the above authorities, it is our conclusion that our laws present a situation similar to that existing in federal law prior to enactment of the 1926 statute.

Our statute, 68 O.S.Supp.1965, § 215, supra, gives to the State of Oklahoma, on relation of the Oklahoma Tax Commission, the right to institute an action in court to collect taxes with the right to use all available provisional remedies. The Wewoka Petroleum Corporation case, supra, states the trust status of assets of a dissolved corporation for payment of its liabilities. With this remedy provided to the defendant, and in the absence of any reference to "transferee liability" in the tax statutes, we believe the interpretation placed thereon by the defendant is without any real basis.

We have held that tax statutes are strictly construed against the State, and that if the right asserted in behalf of the tax or its collection is not clear, it must be denied. National Bank of Tulsa v. Oklahoma Tax Commission, Okl., 380 P.2d 542, and Olson v. Oklahoma Tax Commission, 198 Okl. 607, 180 P.2d 622.

It is our conclusion that the defendant lacked statutory authority to enforce transferee liability by summary administrative procedure.

Defendant contends that the plaintiffs are in effect estopped to complain regarding the procedure used by defendant because they used the procedure prescribed in the Uniform Tax Procedure Code, including payment of the assessment under protest and filing the present suit to recover the same.

This contention cannot be sustained. Under the express provisions of 68 O.S. Supp.1965, § 201, the code provides "uni-

form procedures and remedies with respect to all State taxes," which "shall control and shall be exclusive," unless otherwise expressly provided in any state tax law. We are not referred to any applicable exception to this statute.

In Routzahn v. Tyroler, 36 F.2d 208 (6th Cir. 1929) a similar contention was made and denied.

Defendant further contends that the trial court erred in denying its application for leave to amend its answer and seek, by cross petition, to enforce transferee liability for the corporation's income tax.

No cases are cited applicable to the present situation. Defendant's request was in effect an attempt to adopt and enforce a remedy that this court, and the lower court, held was the proper remedy. In the meantime the plaintiffs have been subjected to an invalid proceeding and, by force of circumstances, have been compelled to pay the full amount of the assessment and bring this action to protect their right to a determination of the validity of the assessment and to recover the sum paid by them. If defendant were allowed to amend and assert its claim by cross petition, it would by such means have subjected the plaintiffs (including any non-residents) and the fund or res it held to the jurisdiction of the lower court, when in law its prior proceedings were invalid. In other words, by such improper procedure it stood to gain an advantage not immediately available to it by using the proper remedy.

It is our conclusion that under these circumstances the court did not err in denying defendant's application to amend.

The judgment of the lower court is affirmed.

IRWIN, C. J., BERRY, V. C. J., and WILLIAMS, JACKSON, HODGES, LAVENDER, and McINERNEY, JJ., concur.

BLACKBIRD, J., dissents.