Theodore Payne GIBSON and The First National Bank and Trust Company of Muskogee, Oklahoma, Co-executors of the Estate of John T. Gibson, Deceased, Plaintiffs In Error,

v.

The OKLAHOMA TAX COMMISSION, Defendant in Error.

No. 43055.

Supreme Court of Oklahoma.

July 13, 1971.

Ungerman, Grabel, Ungerman & Leiter, Tulsa, for plaintiffs in error.

Albert D. Lynn, E. J. Armstrong, Mike Tapp, E. B. Lee, Oklahoma City, for defendant in error.

DAVISON, Vice Chief Justice.

This is an appeal by Theodore Payne Gibson and the First National Bank and

Trust Company of Muskogee, Oklahoma, Co-executors of the Estate of John T. Gibson, Deceased, from an order of the Oklahoma Tax Commission determining that, in calculating the estate tax under the provisions of 68 O.S.1961, § 989f(J), now contained without material change in codification 68 O.S.Supp.1965, § 808(j), the sum of $135,987.24, was the correct amount of the allowable deduction or credit for previously taxed property acquired by the decedent from the estate of his mother.

Section 808, supra, provides in part as follows:

"For the purpose of determining the net estate and transfers there shall be deducted from the value of the gross estate, as provided for in the preceding section, the following amounts and no others:

\* · \* \* \* \* \*

"(j) An amount equal to the value of any property

"(1) Forming a part of the gross estate situated in the State of Oklahoma of any person who died within five (5) years prior to the death of the decedent, or

"(2) Transferred to the decedent \* \* \* within five (5) years prior to his death, where such property can be identified as having been received by the decedent \* \* \*, from such prior decedent by \* \* \* devise, bequest or inheritance, or which can be identified as having been acquired in exchange for property so received. This deduction shall be allowed only where \* \* \* an estate tax imposed under existing or future laws was finally determined and paid by \* \* \* the estate of such prior decedent, \* \* \*, and only in the amount finally determined as the value of such property in determining the value of \* \* \* the gross estate of such prior decedent, and only to the extent that the value of such property is included in the decedent's gross estate, \* \* \*

"Where a deduction was allowed of any mortgage or other lien in determining \* \* \* the estate tax of the prior decedent, which was paid in whole or in part prior to the decedent's death, then the deduction allowable under this subsection shall be reduced by the amount so paid. *The deduction allowable under this subsection shall be reduced by an amount which bears the same ratio to the amounts allowed as deductions and exemptions as the amount otherwise deductible under this subsection bears to the value of the decedent's gross estate."* (emphasis supplied)

The decedent died considerably less than five years after his mother's death. There is no dispute that the decedent Gibson inherited property from his mother having a value of $216,092.66, and died owning other assets with a value of $329,676.55, for a gross estate of $545,769.21. The debts, mortgages, burial and administrative expenses and lineal heir · exemption were $202,337.50, leaving a net estate of $343,-431.71, *prior to deductions for inherited property*.

In accordance with the above formula (emphasized portion of statute) the Commission calculated that the inherited property was 39.59% of the gross estate, and that this percentage of the deductions and exemptions ($202,337.50) was $80,105.42, which was then subtracted from the amount of the inherited property, leaving $135,987.24 as the amount of the deduction or credit due to previously taxed inherited property.

The executors contend that under the statute, supra, the Commission has retaxed $80,105.42 of property previously taxed in the estate of decedent's mother. Executors also contend that the statute (emphasized portion thereof) is unconstitutional in that it violates the Oklahoma Constitution: Art. 5, Sec. 59 (general laws shall have uniform operation throughout State; Art. 10, § 5 (taxes shall be uniform on the same class of subjects); and Art. 2, § 7 (depri-

vation of property without due process of law). Executors urge that said provision of the statute violates the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution.

As a consequence the executors insist that the full value of the inherited property should be deducted without being diminished by relating it or burdening it with a portion of the other deductions consisting of debts, mortgages, administrative expenses, etc. of the estate.

Executors seek to sustain the above contentions by a number of illustrations calculated to show how in the several instances the inherited property could be the same as in the present appeal ($216,092.66), and by adjusting the amounts of the other assets and other deductions the amount of the net estate (prior to deduction for inherited property) would be the same as in the present case ($343,431.71), and yet the net taxable estate and tax would vary in each instance. They say that their illustrations demonstrate that an estate with more debts, mortgages, and higher administrative expenses, and burial expenses results in a greater reduction in the amount of previously taxed inherited property, and consequently a smaller percentage of the inherited property escapes taxes in the last probated matter. They say this gives an unfair advantage to the relatively debt free estate, discriminates against the heavily indebted estate, and results in a lack of uniformity in estate taxes where there is previously inherited taxed property.

There is no question that under the statutory formula an estate with a high percentage of previously inherited property, heavily indebted, and with high administrative expenses, would lose a larger percentage of the previously inherited property deduction than a relatively debt free estate. However, this does not necessarily mean that the statutory provision is unconstitutional. The legislature introduced what is now 68 O.S.Supp.1965, § 808(j)

into our statutes in 1947 (session laws 1947, p. 457, § 5). In adopting the formula the legislature apparently believed previously inherited property should assume or bear some portion of the allowable deductions and expenses of a decedent's estate. Furthermore, there was nothing in the body of the law that prescribed that property once subjected to an estate tax was exempt from a second estate tax in the probate of the estate of the person who received the property from the prior decedent. This was a privilege granted by the legislature and it could place a time limitation or some restriction upon the enjoyment of the right to deduct the value of the inherited property in the second estate.

The parties to this appeal do not cite any authority, case or otherwise, directly involving the present situation and the constitutionality of the attacked portion of 68 O.S.Supp.1965, § 808(j).

It appears that the 1947 amendment, supra, now § 808(j), was modeled after a section of the 1939 United States Internal Revenue Code, Title 26 U.S.C.A., § 812(c), which contained a similar formula for reduction of the deductible prior inherited tax paid property. (This was later amended to provide for crediting of the prior paid estate tax upon the tax accruing in the later estate of which the prior inherited property was a part. 1954 Internal Revenue Code, 26 U.S.C.A., § 2013). Our research, including Annotation 114 A.L.R. 1306 and A.L.R. Supplemental Decisions thereto, has failed to disclose an attack upon the constitutionality of this portion of the federal statute or state statutes of similar character.

In 42 Am.Jur.2d, Inheritance, Estate and Gift Taxes, § 14, it is stated as follows:

"Since an inheritance or succession tax is a tax upon the right or privilege of succeeding to or receiving property, and not upon the property itself, such a tax is not generally regarded as being subject to the constitutional limitations with respect to uniformity and equality of taxation—limitations frequently stated

to be applicable only to property taxation. * * *"

In our case of McGannon v. State, 33 Okl. 145, 124 P. 1063, 1065, 1066, we quoted with approval as follows:

" * * * The right of inheritance, including the designation of heirs and the proportions which the several heirs shall receive, as well as the right of testamentary dispositions, are entirely matters of statutory enactment, and within the control of the Legislature. As it is only by virtue of the statute that the heir is entitled to receive any of his ancestor's estate, or that the ancestor can divert his estate from the heir, the same authority which confers this privilege may attach to it the condition that a portion of the estate so received shall be contributed to the state, and the portion thus to be contributed is peculiarly within the legislative discretion."

The Oklahoma Constitution, Art. 10, § 12, specifically empowers the legislature to levy and collect inheritance, legacy and succession taxes.

We have held that legislative classifications in tax matters are presumptively valid, that the legislature has wide discretion in classifying subjects for taxation, and that the burden to prove that such a classification does not rest upon a reasonable basis is on the challenger, and same will not be disturbed by the judiciary in the absence of unreasonable, discriminatory, or arbitrary action. Olson v. Oklahoma Tax Commission, 198 Okl. 607, 180 P.2d 622, and Peterson v. Oklahoma Tax Commission, Okl., 395 P.2d 388.

It is our conclusion that the Legislature did not act in an unreasonable, discriminatory, or arbitrarily manner in the selection of the means and method of determining the extent to which the value of prior inherited tax paid property should be deducted from the gross estate in a later estate proceeding.

Affirmed.

All Justices concur.