AD VALOREM TAXES
Title 68 O.S. 2472 [68-2472](d), as provided for in Senate Bill 232 of the First Session of the Thirty-fourth Legislature (1973) is void as being violative of Article X, Section 5, of the Oklahoma Constitution, in that the increasing or decreasing of the amount of ad valorem taxes due will result in nonuniformity of taxation upon properties contained within the same class. The provision of 68 O.S. 2472 [68-2472](d) as contained in Senate Bill 232 of the First Session of the Thirty fourth Legislature (1973) and which provided that in all cases where, under the tax rate, the tax is computed to be less than one dollar ($1.00), then the tax due will be shown as one dollar ($1.00), is also void as being violative of Article X, Section 5, of the Oklahoma Constitution, in that it creates nonuniformity of taxation upon properties contained within the same class of subjects. Title 68 O.S. 24303 [68-24303], as amended by Senate Bill 232 of the First Session of the Thirty-fourth Legislature (1973), is a valid classification based upon the amounts of ad valorem taxes due, and will not be declared void as being unconstitutionally discriminatory. This will acknowledge receipt of your request for an Attorney General's opinion of the constitutionality of Senate Bill No. 232, Thirty-fourth Legislature, first regular session (1973). Senate Bill 232 amends 68 O.S. 2472 [68-2472] and 68 O.S. 24303 [68-24303] (1971). Title 68 O.S. 2472 [68-2472](d) (1971) is a new subsection added to the statute by Senate Bill No. 232, and reads as follows: "In applying the tax rate to determine the amount of tax due, the county assessor shall compute same to the nearest dollar, that is, any fraction of a dollar in the amount of fifty cents ($0.50) or less shall be disregarded, and any fraction of a dollar in the amount of fifty-one cents ($0.51) or more shall be shown as a full dollar, and the total amount of the tax due and extended on the tax rolls, as required by this section, shall be determined and shown accordingly. Provided, however, in all cases where, under the tax rate, the tax is computed to be less than One Dollar ($1.00), then the tax due will be shown as One Dollar ($1.00)." Title 68 O.S. 24303 [68-24303](a) (1971) is also amended by Senate Bill 232 to read as follows: "All taxes levied upon an ad valorem basis for each fiscal year shall become due and payable on the first day of November, and, unless one-half (1/2) of the taxes so levied shall be paid on or before the first day of January, the entire tax levy for such fiscal year shall become delinquent on said date. If the first half of the taxes levied upon an ad valorem basis for any such fiscal year shall have been paid on or before the first day of January, the second half shall become delinquent on the first day of April thereafter. Provided, if the total tax owed is Ten Dollars ($10.00) or less, then the total amount must be paid on or before January 1. If the total tax is not paid on or before January 1, the unpaid balance owing shall become delinquent on the first day of January and shall be subject to delinquent charges as provided herein. All delinquent taxes shall bear interest at the rate of one percent (1%) per month or major fraction thereof until paid; provided, however, that in no event shall such interest exceed a sum equal to the unpaid principal amount of tax, and when such interest shall have accumulated to a sum equivalent to one hundred percent (100%) of the unpaid tax the further running of interest shall cease." (Additions underlined) Senate Bill 232 did not carry with it an emergency clause. It, therefore, will not take effect until ninety (90) days after the adjournment of the session at which it was passed, or until 12:01 a.m. on August 16, 1973, according to the provisions of Article V, Section 58, Oklahoma Constitution. Literal compliance by the County Assessors of Oklahoma with the requirements of 68 O.S. 2472 [68-2472](d), as amended by Senate Bill 232, cannot be accomplished without appearing to do violence to the requirements of Article X, Section 5, and Article X, Section 8, of the Oklahoma Constitution. Article X, Section 5, Oklahoma Constitution, provides: "The power of taxation shall never be surrendered, suspended, or contracted away. Taxes shall be uniform upon the same class of subjects." Article X, Section 8, Oklahoma Constitution, provides: "All property which may be taxed ad valorem shall be assessed for taxation at its fair cash value, estimated at the price it would bring at a fair voluntary sale, except real property and tangible property shall not be assessed for taxation at more than thirty-five percent (35%) of its fair cash value, estimated at the price it would bring at a fair voluntary sale; and any officer or other person authorized to assess values or subjects for taxation, who shall commit any willful error in the performance of his duty, shall be deemed guilty of malfeasance, and upon conviction thereof shall forfeit his office and be otherwise punished as may be provided by law." Ad valorem taxation in Oklahoma is accomplished by placing valuations on property located within a county at a predetermined percentage of the property's fair cash value, not to exceed a constitutional limitation of thirty-five percent (35%) of the property's fair cash value. Then, an exact mill tax rate, not in excess of a maximum constitutional limitation, is applied to the valuation of the property to arrive at the amount of ad valorem tax due. One of two things must necessarily result from the decreasing or increasing of the total amount of tax due, once the total amount of tax due has been calculated in the manner set forth above. Either the percentage used to arrive at the assessment valuation will be effectively raised or lowered, or the rate of the mill tax will be effectively raised or lowered. In either case, the net result will be different tax treatment, or nonuniform tax treatment, for properties within the same class, in violation of Article X, Section5, of the Oklahoma Constitution, which requires that taxes be uniform upon the same class of subjects. The same result will obtain where the tax due is to be shown as one dollar ($1.00) "in all cases where, under the tax rate, the tax is computed to be less than one dollar ($1.00) . . .", under the new provisions of 68 O.S. 2472 [68-2472](d) (1971) provided for in Senate Bill 232. Your third question deals with whether Section 2 of Senate Bill 232 is discriminatory in that those persons whose ad valorem taxes amount to ten dollars ($10.00) or less will be required to pay the full amount on or before January 1, whereas those persons whose ad valorem taxes amount to ten dollars ($10.00) or more may pay their taxes in halves, one-half on or before January 1 and one half on or before the first day of April thereafter. The effect of this provision, which amends 68 O.S. 24303 [68-24303], is to classify according to differing amounts of taxes owing. The Oklahoma Supreme Court in the case of Olson v. Oklahoma Tax Commission, 198 Okl. 607, 180 P.2d 622 (1947), held: "Legislative classifications in tax matters are presumptively valid, the burden being on the challenger to prove that such a classification does not rest upon a reasonable basis, and will not be disturbed by the judiciary in the absence of unreasonable, discriminatory, or arbitrary action." There is nothing on the face of Senate Bill 232 which would indicate that the basis for this classification is arbitrary or capricious. In the case of General Motors Acceptance Corporation v. Hulbert,190 Okl. 568, 125 P.2d 975, the Oklahoma Supreme Court quoted with approval the following statement found in 16A, C.J.S., Constitution, 520: "Since taxation is so largely a question of policy, the Legislature possesses the largest measure of discretion in these matters, and the courts will not declare a tax statute void as a violation of the equal protection guaranty as long as the classification or selection made by it is based on a reason, even though in their opinion the reason is a poor one and the statute itself is unjust, the test being good faith, not wisdom. It is the opinion of the Attorney General that your questions be answered in the following manner. Title 68 O.S. 2472 [68-2472](d), as provided for in Senate Bill 232 of the First Session of the Thirty fourth Legislature (1973) is void as being violative of Article X, Section 5, of the Oklahoma Constitution, in that the increasing or decreasing of the amount of ad valorem taxes due will result in nonuniformity of taxation upon properties contained within the same class. The provision of 68 O.S. 2472 [68-2472](d) as contained in Senate Bill 232 of the First Session of the Thirty-fourth Legislature (1973) and which provides that in all cases where, under the tax rate, the tax is computed to be less than one dollar ($1.00), then the tax due will be shown as one dollar ($1.00), is also void as being violative of Article X, Section 5 of the Oklahoma Constitution, in that it creates nonuniformity of taxation upon properties contained within the same class of subjects. Title 68 O.S. 24303 [68-24303], as amended by Senate Bill 232 of the First Session of the Thirty-fourth Legislature (1973), is a valid classification based upon the amounts of ad valorem taxes due, and will not be declared void as being unconstitutionally discriminatory. (Odie A. Nance)