HOMESTEAD EXEMPTIONS — CLASSIFICATIONS Title 68 O.S. 2407.1 [68-2407.1] (1974), is not an illegal classification of persons for taxpaying purposes absent a determination that it operates unequally among members of the same class or that the classification is unreasonable, discriminatory or arbitrary, which determination is a fact determination which this office cannot make. Title 68 O.S. 2407.1 [68-2407.1](B) (1974), provides the manner in which the County Assessor and Excise Board can lawfully determine the income of any person claiming the additional exemption. The Attorney General's Office is in receipt of your opinion request wherein you ask, in effect, the following questions relative to House Bill 1658, dealing with homestead exemption laws: 1. Is the new law an illegal classification of persons for property taxpaying purposes? 2. How can the County Assessor and Excise Board lawfully determine the income of any person claiming the double exemption? Title 68 O.S. 2407.1 [68-2407.1] (1974), dealing with additional homestead exemption and relief for persons with certain income, states: "A. In addition to the amount of the homestead exemption authorized and allowed in Sections 2406 through 2419 of Title 68, Oklahoma Statutes, an additional exemption is hereby granted, to the extent of One Thousand Dollars ($1,000.00) of the assessed evaluation on each homestead of heads of households whose gross household income from all sources for the previous calendar year did not exceed Four Thousand Dollars ($4,000.00). The term gross household income as used in this section means: The gross amount of income of every type, regardless of the source, received by all persons occupying the same household, whether such income was taxable or nontaxable for federal or state income tax purposes, including pensions, annuities, federal social security, unemployment payments, veteran's disability compensation, public assistance payment, alimony, support money, workmen's compensation, loss of time insurance payments, capital gains and any other type of income received; and excluding gifts. The term head of household as used in this section means: A person who as owner or joint owner maintains a home and furnishes his own support for said home, furnishings and other material necessities. "B. An application for such additional homestead shall be made each year before March 15th on the form prescribed by the Oklahoma Tax Commission which shall require the taxpayer to certify as to the amount of gross income. Upon request of the County Assessor the Tax Commission shall assist in verifying the correctness of the amount of said gross income." As to your first question, Article X, Section 5, of the Oklahoma Constitution provides: "The power of taxation shall never be surrendered, suspended, or contracted away. Taxes shall be uniform upon the same class or subject." The cases construing this section of the Constitution make it clear that the Legislature may make classifications of persons for taxpaying purposes. Specifically cited in this regard is In re Assessment of Sales Tax Against Knapp, 95 P.2d 92 (1939), wherein the Court stated in the first and second syllabi the following: "1. The Legislature may select various subjects for taxation and arrange and divide them into distinct classes, and levy taxes accordingly, provided the taxes are uniform on all those subjects belonging to the same class. "2. The Legislature may distinguish different classes of the same general subject, and tax one class and exempt another, but such distinction, however, must rest on some difference which bears a just and reasonable relation to the act in respect to which the classification is proposed." This longstanding case law interpretation has been constantly reaffirmed in this State. See also Olson v. Oklahoma Tax Commission, 180 P.2d 622 (1947), Custer County Excise Board v. St. Louis-San Francisco Railway Co., Okl., 207 P.2d 774 (1949) and Shell Petroleum Corp. v. State Board of Equalization, 41 P.2d 106 (1935). Further, in construing this section, the courts have given wide discretion to the Legislature in making classifications for taxpaying purposes provided that the taxes shall operate uniformly upon members of the class. In this regard see Personal Loan and Finance Company of Capitol Hill v. Oklahoma Tax Commission, 427 P.2d 1015
(1968). It is clear in applying the above-quoted case law interpretation to 68 O.S. 2407.1 [68-2407.1] (1974), the additional classification of individuals whose gross income did not exceed Four Thousand Dollars ($4,000.00) a year, is a valid classification, provided that the reason for the classification is reasonable and operates uniformly upon all subjects of that class; that class being individuals whose gross income does not exceed Four Thousand Dollars ($4,000.00) a year. The determination of whether this specific classification is reasonable, in light of case laws herein set forth is a fact determination which cannot be made by this office. In addition, there is a further assumption, as stated in Olson, supra, wherein the Court stated in its third syllabus: "Legislative classification in tax matters are presumptively valid, the burden being on the challenger to prove that such a classification does not rest upon a reasonable basis, and will not be disturbed by the judiciary in the absence of unreasonable, discriminatory, or arbitrary action." Therefore, Section 68 O.S. 2407.1 [68-2407.1] is presumed valid absent a determination that it bears unequally upon the members of the class upon which it operates or is unreasonable, discriminatory or is premised upon arbitrary actions, which determination is premised upon facts not herein presented. As to your second question, Subsection (B) of Section 68 O.S. 2407.1 [68-2407.1](B) above quoted, provides that the form provided by the Oklahoma Tax Commission shall require the taxpayer to certify as to the amount of gross income he has made in determining the amount of exemption. Further, that upon request of the County Assessor, the Tax Commission shall assist in verifying the correctness of the amount of said gross income. From this section it is clear that there is no duty upon the assessor and Excise Board to lawfully determine the income of any person claiming the additional exemption other than relying upon the certification by the individual taxpayer or upon request by the County Assessor that the Tax Commission assist in verifying the correctness of that gross income statement. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: That 68 O.S. 2407.1 [68-2407.1] (1974), is not an legal classification of persons for taxpaying purposes absent a determination that it operates unequally among members of the same class or that the classification is unreasonable, discriminatory or arbitrary, which determination is a fact determination which this office cannot make. As to your second question, 68 O.S. 2407.1 [68-2407.1](B) (1974), provides the manner in which the County Assessor and Excise Board can lawfully determine the income of any person claiming the additional exemption. (Donald B. Nevard)